102 So.2d 809 (1958)
Ben Babe SHARGAA, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida.
April 30, 1958.
Rehearing Denied June 11, 1958.
*810 J.B. Patterson, Fort Lauderdale, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
Appellant Shargaa, who was defendant below, seeks reversal of the judgment of conviction pursuant to a jury verdict finding him guilty of being a second offender under Section 775.09, Florida Statutes, F.S.A.
The principal point involved is whether there was adequate evidence of prior conviction of a felony.
The information filed February 22, 1956, charged Shargaa with conviction of a felony in the Criminal Court of Record of Polk County on March 17, 1942. It further charged that he was convicted of a subsequent felony in the Criminal Court of Record of Broward County on September 28, 1954. The first felony consisted of the issuing and passing of a worthless check in the amount of $53.25. The second felony consisted of the issuing and passing of a worthless check in the amount of $100. See Shargaa v. State, Fla. 1955, 84 So.2d 42.
For the first offense Shargaa had been placed on probation for one year. For the second offense he was sentenced to serve three months in the county jail. Following his conviction as a second offender pursuant to the information filed in this cause Shargaa was adjudged guilty and sentenced to serve eight years in the state prison.
To establish conviction of the first felony, the State produced the original court file in Case No. 8564 in the Criminal Court of Record of Polk County. The entire file was placed in evidence. The entry in the Minute Book of the Polk County Criminal Court of Record purporting to reflect the judgment rendered by the Judge read as follows:
 "State of Florida
 vs No. 8465 Issuing
 B. Shargaa Worthless Check
"The defendant in the above entitled cause appearing this day in open court and being duly arraigned, did then and *811 there freely and voluntarily plead guilty to the Information filed in this cause. Whereupon the Court defers the passing of sentence during said defendant's good behaviour and said cause is referred to T.D. Dodge, Parole Supervisor of Miami, Florida
"This March 17, A.D. 1942."
There was no other Minute Book evidence of a judgment of conviction. However, the records in the case as reflected by the court file contained an "Order of Probation" signed by the Judge of the Polk County Criminal Court of Record on March 17, 1942. After stating the style and number of the case (8564), the last mentioned order contained, among other provisions, the following:
"This Cause coming on to be heard, and being heard at the January Term of the aforesaid Court, before the Honorable Robert T. Dewell, Judge, and the above named defendant having: Entered a Plea of Guilty to the Offense of Issuing Worthless Check
"The Court does hereby adjudge you to be guilty of the crime for which you have Pled Guilty."
The order then suspends the imposition of sentence and places the defendant on probation under supervision of the Florida Parole Commission for a period of one year. This same order further directed the Clerk of the Court to file the order in his office and "enter a copy of same in the Minutes of the Court."
Apparently the Clerk neglected to make formal entry of the Order of Probation in the Minute Book of the Court.
There was further filed in evidence in the instant case an order terminating the probation prescribed by the above mentioned "Order of Probation." The order terminating the probation was incorporated in the Minutes of the Polk County Criminal Court of Record.
At the trial of the instant case the appellant objected to the introduction of the "Order of Probation" because it had not been formally incorporated in the Minutes of the Court. His objection was overruled. When the State completed the introduction of its evidence, appellant moved for a directed verdict on the ground that there had been no legal proof of a conviction of the first felony. His motion was denied. The jury found him guilty and the judgment and sentence which we have noted were prescribed. Reversal of this judgment is now sought.
It is the contention of the appellant that the entry in the Minute Book of the Criminal Court of Record of Polk County was not a judgment of conviction and that the Order of Probation which was not formally entered in the Minute Book could not be employed as evidence of the prior conviction.
It is the contention of the State that the Order of Probation contained a formal adjudication of guilt and that the failure of the Clerk to enter the Order in the Minute Book did not invalidate the formal order of the court as evidence of the court's judgment.
Appellant refers us to Section 921.02, Florida Statutes, F.S.A., which reads as follows:
"If the defendant has been convicted, a judgment of guilty, and if he has been acquitted, a judgment of not guilty, shall be rendered in open court and entered on the minutes of the court."
He points out that this statute requires that the judgment of the court in a criminal proceeding be "entered on the minutes of the court." He then insists that a failure to enter the judgment formally in the Court Minutes deprives the judgment of any validity as evidence of conviction.
At the outset we will dispose of the purported adjudication of guilt actually *812 appearing in the Court Minutes and quoted in the forepart of this opinion. In regard to this item of evidence we are compelled to conclude that the Minute entry constituted no judgment or adjudication of guilt. Reference to the quoted entry will reveal that the judge did not formally adjudge the defendant guilty. It merely recited that the defendant had pleaded guilty and that the court "defers the passing of sentence" during good behaviour. Formal judgment of guilt is essential to support a subsequent sentence. The Minute entry here involved fails to meet the requirements of our own decisions. Mathis v. State, 67 Fla. 277, 64 So. 944. The State in the instant case must therefore rely on the "Order of Probation" as evidence of the prior conviction.
It will be recalled that the Order of Probation did contain a formal adjudication of guilt. It specifically stated "The Court does hereby adjudge you to be guilty of the crime for which you have Pled Guilty." There is no objection to combining the adjudication of guilt with the Order of Probation.
Customarily the judgment of guilt in a criminal case combines the formal adjudication of guilt with the prescription of the sentence.
The State here seems to take the position that the fact that the defendant was placed on probation in and of itself is evidence of his prior conviction. On this point we must disagree. It is the responsibility of the prosecution in a second offender proceeding to prove the prior conviction by competent evidence. This includes a proper showing that the accused was previously adjudged guilty of a felony by a court of competent jurisdiction. In proceedings of this nature the existence of the prior conviction, however, is a fact to be proved as any other fact. The nature of the proof has varied in different jurisdictions. In some instances the docket entries in the Clerk's office have been considered adequate. We have the view that the official records of the court in which the accused was convicted should be produced and filed in evidence in the second offender proceeding. See Underhill's Criminal Evidence, 5th ed., Sec. 222; Wharton's Criminal Evidence, 12th ed., Vol. 2, Sec. 645.
The appellant here insists that an "entered" judgment of conviction is essential to support a subsequent sentence. To sustain his position, he points to our opinions in Ellis v. State, 100 Fla. 27, 129 So. 106, 69 A.L.R. 783; and Wade v. Coniers, 92 Fla. 494, 109 So. 453. It is true that in the Ellis case we held that an adjudication of guilt will not on direct attack be implied from the mere imposition of sentence. In that case we also quoted from Section 49 of Freeman on Judgments, wherein it is stated that a court speaks through its journal and that a judgment is not "rendered" until reduced to a journal entry. However, we also cited the same author as authority for the proposition that the failure of the Clerk to enter a Minute of the judgment does not affect the validity of the judgment.
In Wade v. Coniers, supra, we held that a commitment issued by the Clerk of a Court had no validity unless it was supported by a formally entered judgment. A careful examination of this case will reveal that there was no evidence whatever of a judgment of guilt. It was pointed out that the Minutes contained no record of the judgment or sentence. We further recited that it appeared "that there was no record of any order or judgment made by the court."
In the instant case the State produced and filed in evidence the original *813 judgment signed by the trial judge. We think it well to caution that we are not here dealing with related problems such as the date from which an appeal period is measured. On the other hand, we are here concerned with the question of the validity of the prior judgment in view of the failure of the Clerk to enter it in the Court Minutes despite the fact that the actual original judgment was in the official court records and filed in the case. We think we are here justified in applying what appears to be the established rule in civil cases which is to the effect that as between the parties, the validity of a judgment is not affected by the failure of the Clerk of the Court to note the judgment in the Minute Book. 30A Am.Jur., Judgments, Sec. 97, p. 228. We ourselves have applied this rule. Berkenfield v. Jacobs, Fla. 1955, 83 So.2d 265.
In regard to the "Order of Probation" which contained the adjudication of guilt by the Judge of the Criminal Court of Record of Polk County, we find that it constituted a part of the official records of that court and when offered in evidence in the instant case was sufficient to establish a judgment of conviction of the prior felony. While the failure of the Clerk to make a Minute entry of the judgment may have constituted a clerical misprision, and while we have the view that orderly record keeping would dictate that the entry in each instance be made as required by the statute cited, we also feel that when the original judgment itself is available, it can be properly used as evidence despite the lack of the Minute entry. We could analogize the situation to an application of the best evidence rule. The entry in the Minute Books would be the best evidence but absent such an entry, the original judgment itself becomes the best evidence and it is admissible to prove its contents. This leads us to the conclusion that the trial judge in the instant case committed no error when he denied the appellant's motion for a directed verdict.
To avoid any suspicion that we might have overlooked the point, we now discuss briefly the contention of the appellant that error was committed in permitting the County Solicitor to testify as a witness and then subsequently engage actively in the prosecution of the case. The County Solicitor was the State's first witness. His testimony was to establish the fact that the appellant was the same person whom he prosecuted for commission of the second felony described in the information. Upon completing his testimony, he took his place at the counsel table and engaged actively in prosecuting the case. While we agree with the observations made in Robinson v. United States, 8 Cir., 32 F.2d 505, 66 A.L.R. 468, cited by appellant to the effect that the practice of acting as prosecutor and witness is not to be approved and should be indulged in only under exceptional circumstances, we do not feel that in this instance it resulted in any substantial harm to the appellant. It was obvious that the only purpose of the County Solicitor's testimony was to identify the appellant.
We have the view that the better practice would be for a prosecuting officer who becomes a witness to withdraw from the actual prosecution of the cause. This is so because a jury is naturally apt to give to the testimony of the prosecuting attorney himself much more weight than it would accord to the ordinary witness. In the instant case, however, there was no conflict whatever on the testimony given by the County Solicitor. Despite what we have recommended as the better practice, we fail to find that harmful error resulted from what occurred in the instant case.
The judgment is affirmed.
TERRELL, C.J., and ROBERTS, DREW and O'CONNELL, JJ., concur.