460 So.2d 573 (1984)
Leo Prince FERGUSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 83-2065, 83-2066.
District Court of Appeal of Florida, Fourth District.
December 19, 1984.
*574 Mary M. Dunn of Dennis & Dunn, Okeechobee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James P. McLane, Asst. Atty. Gen., West Palm Beach, for appellee.

UPON MOTION TO REVIEW ORDERS TO DENY POST-TRIAL RELEASE BAIL-SUPERSEDEAS BOND
GLICKSTEIN, Judge.
On May 3, 1982, Leo Prince Ferguson pleaded nolo contendere in the circuit court of Okeechobee County to a charge of carrying a concealed weapon. On June 7, 1982, he was sentenced in open court to two years' probation provided he serve one week in county jail. Ferguson has shown he was not adjudicated guilty at the June 7, 1982 hearing. Subsequent written orders entered in Ferguson's absence reflect an adjudication of guilt. Rule 3.180(a)(9) requires that the defendant be present when judgment is pronounced, and Bunting v. State, 361 So.2d 810 (Fla. 4th DCA 1978), states the written sentence should reflect the true facts of the case. It is clear, however, that adjudication of guilt may be withheld when a defendant is placed on probation. Rule 3.670, Fla.R.Crim.P.
Ferguson was on probation when he was charged with another felony, which occurred February 11, 1983. A jury found him guilty of manslaughter, and the court revoked his probation and sentenced him to ten years for the manslaughter conviction, to be served concurrently with a five year sentence for the prior crime of carrying a concealed firearm. The trial court did not at that time adjudicate Ferguson guilty of the earlier crime, nor has it done so to this day, so far as we know.
The trial court denied Ferguson's motion for post-trial release pending appeal. It is clear from the proceedings of September 22, 1983, that the basis of the denial was a prior felony conviction. Section 903.132(1), Florida Statutes (1983), and Rule 3.691, Florida Rules of Criminal Procedure, preclude post-trial release on bail when a person has previously been convicted of a felony committed prior to the felony of which he now stands convicted, or if there are other felony charges against him, supported by probable cause, at the time he requests bail.
Ferguson has requested review of the trial court's denial of post-trial release as well as its denial of his motion to conform written judgment and sentence in the earlier conviction to oral open court pronouncements. We shall take up the latter first.
Ferguson contends that there are the following discrepancies between the open court pronouncements and the written orders on his earlier conviction: (1) in open court, the judge did not adjudicate Ferguson guilty of either the felony or a concomitant misdemeanor to which he had likewise pleaded no contest, but the written orders state Ferguson was adjudicated guilty; (2) the written judgment and sentence speaks only of the "offense", when there were two offenses; and (3) as written, the probation appeared to be for two years not only for the felony, but also for the misdemeanor, when the lawful limit for probation in the latter was only one year. These defects *575 did exist, but not all of them are to be corrected by conforming the written orders to the open court pronouncements. Although the withholding of adjudication of guilt is ordinarily done affirmatively by the court, we think what occurred in the earlier proceedings is tantamount to the withholding of adjudication of guilt. Such adjudication can yet be made, though it ought to have been made when probation was revoked and certainly before sentence was imposed for the carrying of a concealed firearm. Correcting the failure to adjudicate appellant guilty of the earlier offense in open court does not require modifying the written judgment and sentence; it can be accomplished by filling in the void in open court. The apparently mechanical error of using the singular when there were both a felony and a misdemeanor deserves correction, and clarification of the correct probation period for the misdemeanor is desirable in order to tidy up the record, though of no particular import in the present case.
As to the denial of post-trial release, we analogize as far as is feasible to the law of second offender proceedings, as illuminated by the opinion in Shargaa v. State, 102 So.2d 809 (Fla.), cert. denied, 358 U.S. 873, 79 S.Ct. 114, 3 L.Ed.2d 104 (1958). Mere placement on probation is not of itself evidence of a prior felony conviction; there is need of proof of adjudication of guilt of a prior felony. In Shargaa an order of probation containing formal adjudication of guilt was held to be sufficient proof of the prior felony conviction. The pertinent facts of Shargaa differ from those here in that there the minute book of the court lacked evidence of a judgment of conviction, whereas here the record of the plea, motion and sentencing proceedings is available and shows no formal adjudication of guilt occurred in open court. We do not think the written order of probation, evidently prepared outside the defendant's presence, can substitute for the required open court adjudication of guilt. The Supreme Court stated in Shargaa that a formal judgment of guilt is essential to support a subsequent sentence. Id. at 812. Similarly we say that absent a formal judgment of guilt, in open court, of a former felony, a trial court may not deny, on the ground of a prior felony conviction, post-trial release pending appeal. We note, however, that an alternate mandatory basis for denying bail is the existence of pending charges of another felony when probable cause has been found that the defendant has committed that felony at the time he requests bail. We think the latter basis for denial of bail may be found to exist in the case at bar. There are also, of course, well-known discretionary bases for denying bail.
We reverse the trial court's denial of appellant's motion to conform judgment and sentence to oral court pronouncements, as well as its denial of post-trial release. We remand so that the trial court may correct the errors we have observed in its judgment and sentence on the concealed weapon offense and the concurrent misdemeanor; adjudicate guilt on the same offense; and hear anew appellant's motion for post-trial release. Because Ferguson's plenary appeal is also before this court, we relinquish jurisdiction pursuant to Florida Rule of Appellate Procedure 9.600(b) so that the trial court may deal with these matters.
DELL and BARKETT, JJ., concur.