DELL, Judge.
Jacqueline Holloway appeals her conviction for second degree murder with a firearm in violation of section 782.04, Florida Statutes (1993). Appellant argues that the trial court erred in failing to grant a mistrial after the prosecutor called himself as a witness. We reverse and remand for a new trial.
During trial, the prosecution maintained that appellant enticed the victim, her ex-husband, to her apartment through sexual innuendos and then shot him. In support of this theory, the prosecutor asked a witness, Michael Maravic, about appellant’s attire shortly before the shooting. Maravic initially responded that he thought appellant was wearing a tank top shirt. However, when asked about the color of the shirt, Maravic testified that he could not remember what appellant was wearing. The prosecutor followed with questions concerning conversations he had with Maravic on the day prior to and the morning of his testimony. Specifically, the prosecutor asked Maravic whether he said that appellant was wearing a yellow shirt and shorts. When Maravic indicated that he could not remember what he said the day before or earlier that morning, the prosecutor called himself to the stand to testify as to the content of his conversations with Maravic. Appellant’s counsel objected and argued that if the prosecutor testified, a mistrial should be granted because the prosecutor cannot place himself on the stand and put his credibility in issue. The trial court overruled the objection and denied counsel’s motion for a mistrial. The prosecutor then proceeded to testify that Maravic “did not tell the truth [about] what he told me last night nor this afternoon.” During closing argument, the prosecutor again placed his credibility in issue by commenting on Marav-ie’s testimony.
Appellant contends that she was denied a fair trial because the state attorney acted both as an advocate and testified as a witness during trial on a contested issue. We agree. Rule 4r-3.7(a), Rules of Professional Conduct, provides for limited special circumstances when an attorney may act as an advocate and as a witness in the same proceeding:
A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where:
(1) the testimony relates to an uncontested issue;
(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
(3) the testimony relates to the nature and value of legal services rendered. in the case; or
(4) disqualification of the lawyer would work substantial hardship on the client.
The state has not cited nor have we found an exception to Rule 4-3.7(a) allowing a prosecutor to attack the credibility of a witness through his own testimony and to act in the dual role of prosecutor and witness in the same case. Here, the prosecutor’s testimony related to a contested issue concerning what appellant was wearing shortly before .the shooting. Further, when the prosecutor called himself as a witness to impeach Ma-ravic’s testimony, he placed his credibility as a witness in issue for the jury. Moreover, when the prosecutor subsequently returned to his role as an advocate and commented on the truthfulness of Maravic’s testimony, he effectively vouched for his testimony and the credibility of the state’s case.
The practice of acting as a prosecutor and a witness “is not to be approved and should be indulged in only under exceptional circumstances.” Shargaa v. State, 102 So.2d 809, 813 (Fla.), cert. denied, 358 U.S. 873, 79 S.Ct. 114, 3 L.Ed.2d 104 (1958); see State v. Christopher, 623 So.2d 1228, 1229 (Fla. 3d DCA 1993). See also Petrilli v. Drechsel, 94 F.3d 325, 330 (7th Cir.1996) (where counsel acts as both an advocate and a witness in a single proceeding, the sanction of reversal and a new trial may be warranted). In Shargaa, the Supreme Court also stated:
[T]he better practice would be for a prosecuting officer who becomes a witness to withdraw from the actual prosecution of the cause. This is so because a jury is naturally apt to give the testimony of the prosecuting attorney himself much more *648 weight than it would accord to the ordinary witness.
Shargaa, 102 So.2d at 813.
We reject the state’s argument that appellant waived the error by failing to move to disqualify the prosecutor. The record demonstrates that, based on appellant’s objection and motion for mistrial, the trial court should have either declared a mistrial or disqualified the prosecutor at the conclusion of his testimony. We hold that the prosecutor’s actions in this case deprived appellant of a fair trial.
Appellant also contends that the court erred when it admitted evidence of collateral crimes in contravention of Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). Defense counsel specifically objected to the admission of any evidence regarding four previous attacks committed by appellant against the victim and evidence indicating that appellant engaged in prostitution. The trial court properly allowed evidence regarding appellant’s attacks on the victim because each of these acts demonstrated premeditation and intent. However, evidence implying that appellant acted as a prostitute should have been excluded because it is irrelevant and could only impugn appellant’s character.
Finally, the trial court did not err in allowing the state to read excerpts of the grand jury testimony into evidence, or refusing to allow the testimony of Dr. Bourg-Carter regarding battered spouse syndrome. See State v. Hickson, 630 So.2d 172 (Fla.1993).
Accordingly, we reverse appellant’s conviction for second degree murder with a firearm and remand this cause for a new trial.
REVERSED and REMANDED.
FARMER and KLEIN, JJ., concur.