ON MOTION TO REVIEW ORDER DENYING POST-TRIAL RELEASE BAIL-SUPERSEDEAS BOND
WARNER, C.J.
The appellant has filed a motion to review the trial court’s denial of post-trial release pending appeal. At the hearing on the motion, the court reasoned that the appellant had a prior felony conviction and thus was disqualified from post-trial release. We treat the motion for review as a Rule 3.691(c) appeal from the denial of bond and reverse. Not only did the court fail to comply with Rule 3.691(b), Florida Rules of Criminal Procedure, by not setting forth written reasons for its denial, but the only reason given at the hearing, that the appellant had a prior felony “conviction,” is not supported by the record and does not disqualify appellant from post-trial bail under the facts of this case.
Rule 3.691(a) provides that post-trial bail shall not be granted if the person “has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and the person’s civil rights have not been restored.” (emphasis supplied). The prior felony conviction of appellant mentioned by the trial court was a withhold of an adjudication on a prior charge, and appellant’s civil rights were never lost.
We have held that absent a formal judgment of guilt on a prior felony charge, the trial court cannot deny, on the ground of a prior felony conviction, post-trial release pending appeal. See Ferguson v. State, 460 So.2d 573, 575 (Fla. 4th DCA 1984). In the instant case, whether or not the withhold of adjudication is treated as a “conviction,” the appellant did not lose his civil rights and thus was not disqualified under the rule from post-trial bail. We therefore remand for the trial court to reconsider post-trial bail for the appellant under the principles of Younghans v. State, 90 So.2d 308 (Fla.1956).
GUNTHER and KLEIN, JJ., concur.