ON MOTION TO REVIEW ORDER DENYING POST-TRIAL RELEASE MOTION

TAYLOR, J.
Sheldon Montgomery seeks review of the trial court’s order denying his motion *275 to set bond pending appeal. Based on exhibits furnished by appellant and undisputed by the State, it appears that appellant has no prior felony convictions that would disqualify him for post-trial release. Appellant pled no contest to his prior felony charges and adjudication was withheld on those charges. Further, the record does not show that appellant’s civil rights were ever lost. See Martin v. State, 25 Fla. L. Weekly D1425, 2000 WL 763363, — So.2d - (Fla. 4th DCA June 14, 2000); Ferguson v. State, 460 So.2d 573 (Fla. 4th DCA 1984).
The State’s rebanee on Raulerson v. State, 763 So.2d 285 (Fla.2000), for the proposition that a “conviction” includes both adjudicated offenses and offenses in which adjudication is withheld, is misplaced, because Raulerson applies to convictions under section 322.34(1), Florida Statutes, for driving with a canceled, suspended, or revoked license. It does not apply in this context, where a defendant is applying for bail pending an appeal from a judgment of conviction. As the Florida Supreme Court commented in Raulerson, “the term ‘conviction’ as used in Florida law has been a ‘chameleon-like’ term that has drawn its meaning from the particular statutory context in which the term is used.” Id. at 291 (quoting State v. Keirn, 720 So.2d 1085, 1086 (Fla. 4th DCA 1998))
Moreover, as Martin holds, even assuming that the withholding of adjudication on appellant’s prior charges were to be treated as prior felony convictions, if appellant did not lose his civil rights as a result, he is eligible for post-trial bail pending appeal.
Because we find that the trial court had discretion to consider appellant’s request for post-trial release but failed to exercise such discretion and reduce its reasons for the denial of appellant’s release to writing, as required by rules 3.691(b), Florida Rules of Criminal Procedure and 9.140(g)(3), Florida Rules of Appellate Procedure, we reverse the order below and remand to the trial court with instructions to reconsider post-trial bad for appellant pursuant to the principles enunciated in Younghans v. State, 90 So.2d 308 (Fla. 1956).
REVERSED and REMANDED for proceedings consistent with this opinion.
POLEN, J., concurs.
STONE, J., concurs specially with opinion.