356 So.2d 315 (1978)
STATE of Florida, Appellant,
v.
Sarah S. HARRIS and Fanny Mae Woodberry, Appellees.
Nos. 51073, 51074.
Supreme Court of Florida.
February 23, 1978.
*316 William E. Whitley, Asst. State's Atty., Gainesville, and Raymond Markey, Asst. Atty. Gen., Tallahassee, for appellant.
C. Richard Parker and John J. Kearns, Asst. Public Defenders, Gainesville, for appellees.
HATCHETT, Justice.
The circuit court declared Section 812.021(3) unconstitutional in that it deprived defendants of due process and equal protection of the law and destroyed the historical presumption of innocence by the inclusion of prior convictions in the charging information. The State of Florida brings these appeals pursuant to Article V, Section 3(b)(1), Florida Constitution. We construe the statute so as to make it constitutional.
Appellees, Harris and Woodberry, were charged with petit larceny, having twice previously been convicted of that offense. The trial court held the statute unconstitutional in orders granting the appellees' motions to dismiss.
Section 812.021(3)[1] provides in pertinent part, that upon the third or subsequent conviction for petit larceny, the offender shall be guilty of a felony in the third degree (rather than a misdemeanor in the second degree). This statute creates a substantive offense and is thus distinguishable from Section 775.084, the habitual criminal offender statute. While both sections provide for the enhanced punishment of a repeat offender, under Section 775.084 the prior offense serving as the basis for the increased sentence need not be related to the present offense (as long as it is "qualified" under Subsection (3)) and enhanced punishment is sought in a separate proceeding following conviction or adjudication of guilt. Under Section 812.021(3), as interpreted by the State, prior convictions are considered an element of the offense and must be specifically alleged and proved. State ex rel. Lockmiller v. Mayo, 88 Fla. 96, 101 So. 228 (1924). The jury must decide on the guilt or innocence of the defendant and on the historical fact of the prior conviction or convictions and return a verdict as to both. Barnhill v. State, 41 So.2d 329 (Fla. 1949). This procedure was most recently approved in Nichols v. State, 231 So.2d 526 (Fla. 2nd DCA 1970), wherein the Second District Court stated:
We have examined Barnhill and the other cases and find that they abundantly support the action of the trial Judge in the case sub judice in submitting to the jury not only the guilt or innocence of Nichols as to the latest offenses charged but also as to the historical fact of his previous conviction of a beverage law violation. Indeed, the cited cases make it the duty of the trial Judge to not only make known to the jury the alleged fact as to such former conviction, but that the jury must make a specific finding thereon. (at 527)
Appellees argue that this procedure constitutes a deprivation of due process and equal protection of the law. Section 812.021(3) and Section 775.084 are essentially identical, with similar purposes, and should afford to a defendant the same procedural safeguards. Under Section 775.084 the State must proceed against a defendant in a separate proceeding, by a separate writing, following conviction or adjudication of guilt. No evidence is presented concerning a defendant's prior conviction and thus, there can be no possibility of prejudice. Under Section 812.021(3), the State must *317 specifically allege and prove the fact of prior conviction. The jury is directly confronted with evidence of defendant's prior criminal activity and the presumption of innocence is destroyed. In support of their position, appellees cite Shargaa v. State, 102 So.2d 809 (Fla. 1958) wherein we held:
Regardless of the views of some other courts our view is that by the enactment of our habitual criminal statute, as well as by our traditional concepts of due process in the administration of the criminal laws, the State should not be permitted merely to charge an accused with the commission of a crime and buttress its current charge with a simultaneous allegation that the accused had previously been convicted of a totally unrelated crime committed years before. It appears to us that the product of such a procedure would substantially destroy the historical presumption of innocence which clothes every defendant in a criminal case and in the mind of the average juror would in a measure place upon the accused the burden of showing himself innocent rather than upon the State the responsibility of proving him guilty. (at page 816)
We are thus faced with conflicting holdings between Shargaa and Nichols. The State attempts to distinguish Shargaa on the ground that in that case enhanced punishment resulted from the consideration of a "wholly unrelated felony offense," while in the present case the prior convictions are that of the same offense, petit larceny. This is a distinguishing feature. But, from a constitutional point of view, it makes the deprivation even more serious. If the presumption of innocence is destroyed by proof of an unrelated offense, it is more easily destroyed by proof of a similar, related offense. The arguments of appellees are well taken. We therefore reaffirm our holding in Shargaa and overrule the holding in Nichols v. State, supra, to the extent that it conflicts with Shargaa.
The Legislature had the right to create the substantive offense of "felony petit larceny," but we have the right to dictate the procedure to be employed in the courts to implement it. Article V, Section 2, Florida Constitution. We therefore hold that Section 812.021(3) creates a substantive offense to be tried in the circuit court when felony petit larceny is charged, without bringing to the attention of the jury the fact of prior convictions as an element of the new charge. Upon conviction of the third petit larceny, the Court shall, in a separate proceeding, determine the historical fact of prior convictions and questions regarding identity in accord with general principles of law, and by following the procedure now employed under Section 775.084.[2]
Accordingly, the order of the trial court is reversed and the case remanded for proceedings consistent with this opinion.
It is so ordered.
BOYD, ENGLAND, SUNDBERG and KARL, JJ., concur.
ADKINS, Acting C.J., dissents.
NOTES
[1] Larceny of property not described in subsection (2) is petit larceny, which constitutes a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. Upon a second conviction of petit larceny, the offender shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, or s. 775.083. Upon a third or subsequent conviction of the offense of petit larceny, the offender shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Section 775.084(3)(c), Florida Statutes (1975) provides:

Except as provided in paragraph (a), all evidence presented shall be presented in open court with full rights of confrontation, cross-examination, and representation by counsel.