393 So.2d 1175 (1981)
Charles Henry PEEK, Petitioner,
v.
Louie L. WAINWRIGHT, As Secretary, Department of Corrections, State of Florida, Respondent.
No. 80-2271.
District Court of Appeal of Florida, Third District.
February 10, 1981.
*1176 Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for petitioner.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for respondent.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
BARKDULL, Judge.
Petitioner, in his petition for habeas corpus, contends he is being illegally incarcerated in that he has been sentenced and is serving a sentence for a crime of which he was never charged or convicted.
Petitioner has been sentenced to five years in the State penitentiary, pursuant to Section 812.014(2)(c), Florida Statutes (1980), for felony petit theft. He was originally charged with strong-armed robbery. The charging document did not allege any prior petit theft convictions. However, the State did notify petitioner before trial that it would seek enhancement of his sentence pursuant to Section 775.084, Florida Statutes (1980), whether his conviction was a misdemeanor or a felony based upon his record of eleven prior felony convictions and three misdemeanor convictions. At trial on the robbery charge, the petitioner requested a jury charge on the lesser included offense of petit theft. He was convicted of petit theft. In all, three sentencing hearings were held. At the second hearing, the State announced its intention to seek enhancement of his conviction for petit theft, pursuant to Section 812.014(2)(c), Florida Statutes (1980), enhancing the crime to a felony in the third degree. After the third hearing, he was sentenced for felony petit theft.
*1177 Petitioner contends that felony petit theft is not a lesser included offense of the crime of strong-armed robbery and thus, under the holding of State v. Harris, 356 So.2d 315 (Fla. 1978), unless he is charged with the substantive offense of felony petit larceny and convicted thereof he cannot be sentenced for that offense.
A careful reading of State v. Harris, supra, does not support that rationale. In State v. Harris, supra, the defendant was charged with the substantive offense of felony petit larceny (which charge was necessary to activate the jurisdiction of the circuit court, so as to permit sentencing in excess of one year), and the question to be decided was whether or not the jury should be made aware of the defendant's prior convictions and be permitted to make a specific finding thereon. The supreme court held it was not and that upon the third conviction for petit larceny the trial court would determine the historical fact of prior convictions and questions regarding identity following the procedures employed under Section 775.084, Florida Statutes.
Clearly, in enacting Section 812.014(2)(c), Florida Statutes (1980) and its predecessor, Section 812.021(3), Florida Statutes (1977), the Legislature intended that a three-time offender of the petit theft statute should have his sentence enhanced to that of felony petit larceny and that he should be sentenced therefor. In the instant case, the petitioner was properly charged with a felony which activated the jurisdiction of the circuit court; he was advised of the State's intent to seek an enhanced sentence if he was convicted. Now having been convicted of the lesser offense of petit larceny, he now hopes to frustrate the legislative intent by taking the position that not having been formally charged with the offense of petit larceny he cannot now be sentenced for that offense. He does not allege he has been denied due process by not having notice or a proper hearing and proof of his prior convictions, as mandated by State v. Harris, supra. To accept the petitioner's contention would totally frustrate the Legislature in its attempt to enhance the penalty of the chronic offender.
The petitioner's record in this case shows, beyond a question of a doubt, that he is the type of individual the Legislature intended to punish by an enhanced penalty. If we accept the petitioner's position it would appear that in order to effectuate clear legislative intent it would be necessary for the State to charge, in the alternative, the crime of felony petit larceny in those situations where a jury might properly find guilt of the lesser offense of petit larceny to merit sentencing for felony petit larceny. To require the State to so speculate in its charging document would appear not to be advisable.
Therefore, finding no basis for relief, we deny this petition for writ of habeas corpus.
Habeas corpus denied.