500 So.2d 120 (1986)
STATE of Florida, Petitioner,
v.
Rene Ramous RODRIQUEZ, Respondent.
No. 64775.
Supreme Court of Florida.
December 24, 1986.
Jim Smith, Atty. Gen., and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for petitioner.
No Appearance, for respondent.
BOYD, Justice.
This cause is before the Court on the petition of the State of Florida for review of the decision of the district court of appeal *121 reported as Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983). The decision of the district court conflicts with decisions of this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Respondent was convicted of robbery and grand theft. The evidence showed a taking of property from the possession of another by force, thus establishing the elements of the offense of robbery.[1] The same taking of property also provided the evidence of guilt of the second offense of which respondent was convicted, second-degree grand theft.[2] The district court of appeal found that grand theft was a lesser included offense of robbery and therefore held that the theft conviction could not stand.
At the outset the district court conceded that, where a single act violates two criminal statutes, separate punishments for the two offenses are permissible if the legislature intends such a result. The court correctly cited Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), as authority for this principle of constitutional law. However, the district court found a lack of such legislative intent here.
In the instant case it is readily apparent that the Florida Legislature did not contemplate cumulative punishments in its enactment of the robbery and theft statutes under which Rodriquez was charged, where there is only one taking of money by force. The crime here is singular  and it is robbery.
443 So.2d at 238. We find that the district court's conclusion regarding legislative intent was in error.
At the time of the criminal incident in question, a law of the State of Florida provided as follows:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
775.021(4), Fla. Stat. (1981). The district court took the view that grand theft was a lesser included offense of robbery, which would exclude it from the operation of section 775.021(4). On this point the district court reasoned as follows:
Since there was only one taking of property in the instant case, the underlying theft was a necessarily lesser included offense of the charged robbery. Once the underlying theft conviction is used to support Rodriquez' conviction for robbery, that same theft, even in a greater degree, cannot be used for an independent, cumulative conviction and sentence  in the absence of clear legislative intent to the contrary.
443 So.2d at 239. This reasoning was erroneous for two reasons. First, the district court erred in emphasizing what the evidence showed "in the instant case." Second, the district court ignored the "clear legislative intent" expressed in section 775.021(4). We find that grand theft is not a lesser included offense of robbery and that therefore the legislative intent is that there be convictions and sentences for both offenses.
It is now well settled in Florida that the determination of whether one offense is a lesser included offense of another, at least for purposes of deciding whether there may be cumulative convictions based on a *122 single factual event, is made by analysis of the statutory elements, without regard to the allegations in a particular charging document or the evidence presented at a particular trial. State v. Baker, 456 So.2d 419 (Fla. 1984); State v. Baker, 452 So.2d 927 (Fla. 1984); Borges v. State, 415 So.2d 1265 (Fla. 1982).
A less serious offense is included in a more serious one if all of the elements required to be proven to establish the former are also required to be proven, along with more, to establish the latter. If each offense requires proof of an element that the other does not, the offenses are separate and discrete and one is not included in the other. Blockburger v. United States, 284 U.S. 299 ... [52 S.Ct. 180, 76 L.Ed. 306] (1932).
Borges v. State, 415 So.2d at 1267.
A correct analysis of the statutory elements of the two crimes, as set forth in footnotes one and two above, reveals that each offense contains at least one element that the other does not. Because second-degree grand theft contains an element  that the value of the property taken must be "$100 or more, but less than $20,000"  not included among the elements of robbery as defined by statute, second-degree grand theft is not a lesser included offense of robbery. This is so notwithstanding the fact that petit theft as defined in section 812.014 is a lesser included offense of robbery. See Hand v. State, 199 So.2d 100, 102 (Fla. 1967) (larceny is "a necessarily included element of robbery").
We hold that second-degree grand theft is not a lesser included offense of robbery. If, in the course of a robbery, the robber takes property with a value of "$100 or more, but less than $20,000", he can be convicted of both robbery and second-degree grand theft. Accordingly, the decision of the district court of appeal is quashed. The case is remanded with directions to affirm both convictions.
It is so ordered.
McDONALD, C.J., and EHRLICH, J., concur.
SHAW, J., concurs specially with an opinion.
ADKINS and BARKETT, JJ., dissent.
OVERTON, J., dissents with an opinion.
SHAW, Justice, specially concurring.
I agree that the offenses here are separate and that convictions and sentences for both are appropriate. I agree also, with one major exception, with Judge Cowart's cogent dissenting opinion below. The exception I have concerns the role of the courts vis a vis that of the legislature in defining crimes and prescribing punishments. At one point the dissent reasons as follows:
The majority opinion construes the federal cases cited to mean that whether or not two criminal charges alleging the violation of two statutory offenses relate, in substance, legally and factually, to "the same offense" within constitutional contemplation is not longer a matter of judicial interpretation of the constitutional double jeopardy clause based on analysis of the elements of the statutory offenses and the facts upon which multiple criminal charges are based but is now only a matter of judicial interpretation of the intent of the legislature to be gleaned from statutes relating to penalties and punishment. The dissent cannot agree with this view.[11]
[11] Although legislative intent controls as to the elements of offenses and as to separate or accumulative punishment for violation of multiple crimes it has absolutely nothing to do with interpretation of the double jeopardy clauses of the state and federal constitutions or as to the judicial analysis involved in such interpretation. Any suggestion that judicial analysis of offenses in criminal charges for constitutional purposes is subject to, or should be controlled by, the intent of the legislature is to utterly disregard the separation of powers doctrine upon which our constitutional form of government was founded and to totally abdicate the high duty of the judiciary to uphold individual constitutional rights of the people safe from control or encroachment of the government.
Rodriquez v. State, 443 So.2d 236, 245 (Fla. 5th DCA 1983) (Cowart, J., dissenting).
*123 As an abstract statement of law, I agree that the separation of powers doctrine recognizes the authority of the judicial branch to interpret the constitution. However, the constitution is not an empty vessel which the judiciary fills with its own views. The separation of powers doctrine mandates that we respect the constitutional prerogatives of the other branches of government. The deference we owe to the legislature in defining crimes and prescribing punishment is particularly strong. Absent a violation of a constitutional right, the legislature has plenary power to define crimes and prescribe punishments. Wilson v. State, 225 So.2d 321 (Fla. 1969), reversed on other grounds, 403 U.S. 947, 91 S.Ct. 2286, 29 L.Ed.2d 858 (1971); Farragut v. City of Tampa, 156 Fla. 107, 22 So.2d 645 (1945).
The role of the courts in applying the double jeopardy clause to a legislative definition of crimes and prescribed punishments in a single trial has been resolved by Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). As the Court put it:
With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.
... .
"[T]he question of what punishments are constitutionally permissible is no different from the question of what punishment the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution." [quoting from Albernaz v. United States, 450 U.S. 333, 344 (101 S.Ct. 1137, 1145, 67 L.Ed.2d 275) (1981) (emphasis in original)]
... .
Our analysis and reasoning in Whalen [Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715] and Albernaz lead inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the same conduct under the Blockburger [Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306] test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in Whalen is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear. Legislatures, not courts, prescribe the scope of punishments.
Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.
Id. at 366-69, 103 S.Ct. at 678, 679 (footnote omitted).
Thus, in a single trial with multiple charges, the double jeopardy clause imposes no restriction on the power of the legislature to define crimes and prescribe cumulative punishments. The role of the Courts is to determine legislative intent. Missouri v. Hunter makes clear, contrary to Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), that the rule of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), is a rule of statutory construction designed to assist courts in determining legislative intent. It is not a constitutional rule designed to determine whether double jeopardy exists. Regardless of whether two offenses proscribe the same conduct under Blockburger, the double jeopardy clause does not prohibit the legislature from authorizing cumulative punishment of the two offenses in a single trial. There is, however, an assumption underlying the Blockburger *124 rule that the legislature ordinarily does not intend to punish the same offense under two different statutes, absent a clear indication of contrary legislative intent. See Missouri v. Hunter, 459 U.S. at 365, 103 S.Ct. at 677.
The Florida Legislature has simplified immeasurably the task of Florida courts vis a vis double jeopardy, separate offenses, same offenses, and lesser included offenses by statutorily adopting the Blockburger rule as section 775.021(4), Florida Statutes (1983).[1] By its terms, the statute provides that there shall be separate sentences for each separate offense committed in the course of one criminal transaction. Thus, we have a clear statement that the Florida Legislature intends to punish separately offenses which meet the Blockburger rule. The logical corollary to the requirement that there shall be separate sentences for separate offenses is that there shall not be separate sentences if the offenses are not separate or one is a lesser included offense of the other. The legislature has, in effect, statutorily adopted a double jeopardy clause for single trials which gives defendants greater rights than those afforded by Missouri v. Hunter. If we follow the statute, we will have little, if any, occasion to reach constitutional issues of double jeopardy in the single trial setting.
Section 775.021(4) makes it relatively simple to determine whether two offenses are separate, the same, or whether one is a lesser included offense of the other. By its terms that statute explicitly defines what constitutes separate offenses. Implicit in the definition of separate offenses is a definition of offenses which are not separate.[2] If two offenses contain precisely the same statutory elements, they are the same offense; if the statutory elements of one offense are subsumed within a second offense containing one or more additional statutory elements, then the former is a lesser included offense of the latter and is not a separate offense under section 775.021(4).[3]
We continue to struggle with this rather simple rule,[4] because, as Judge Cowart astutely points out, we have not purged the legal system of the faulty reasoning underlying the discarded "single transaction rule" and the rules and practices implementing that rule and, I add, the outdated Schedule of Lesser Included Offenses, Florida Standard Jury Instructions in Criminal Cases. See footnote to State v. Snowden, 476 So.2d 191 (Fla. 1985).
OVERTON, Justice, dissenting.
I dissent for the reasons expressed in my dissent in State v. Baker, 452 So.2d 927 (Fla. 1984). In my view petit theft is a necessarily lessor included offense of robbery and grand theft is a permissive lessor offense of robbery.
NOTES
[1] "`Robbery' means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear." § 812.13(1), Fla. Stat. (1981).
[2] One commits theft who "knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent: (a) To deprive the other person of a right to the property or a benefit therefrom. (b) To appropriate the property to his own use or to the use of any person not entitled thereto." § 812.014(1), Fla. Stat. (1981). If the property has a value of "$100 or more, but less than $20,000," the offense is grand theft of the second degree. § 812.014(2)(b)1.
[1] In this respect, we are in a different position than the federal courts. The United States Congress has not statutorily adopted the Blockburger rule.
[2] The assumption underlying Blockburger that the legislature ordinarily does not intend to punish the same offense twice, serves to reinforce this implicit definition.
[3] In Bell v. State, 437 So.2d 1057, 1060 (Fla. 1983), we stated:

If two statutory offenses have the exact, same essential constituent elements, or when one statutory offense includes all of the elements of the other, those two offenses are constitutionally "the same offense" and a person cannot be put in jeopardy as to both such offenses unless the two offenses are based on two separate and distinct factual events.
Id. (emphasis added). In a single trial setting this statement is contrary to Missouri v. Hunter. However, if "statutorily" is substituted for "constitutionality," then the statement accurately reflects Florida law.
[4] See Green v. State, 475 So.2d 235 (Fla. 1985) (Shaw, J., concurring in result), and Linehan v. State, 476 So.2d 1262 (Fla. 1985) (Shaw, J., dissenting).