519 So.2d 32 (1987)
STATE of Florida, Appellant,
v.
Michael CROCKER, Appellee.
No. 87-1210.
District Court of Appeal of Florida, Second District.
December 18, 1987.
*33 Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Robert Mack, Asst. Public Defender, Bartow, for appellee.
SCHOONOVER, Judge.
The appellee, Michael Crocker, was found guilty of petit theft and resisting an officer without force. The state has appealed the judgment and sentence entered on the petit theft conviction. We find that the trial court erred in denying the state's motion to find Crocker, who allegedly had two prior theft convictions, guilty of a felony of the third degree pursuant to section 812.014(2)(c), Florida Statutes (1985), and to sentence him accordingly. We, therefore, reverse.
Crocker was charged by information with resisting an officer without violence in violation of section 843.02, Florida Statutes (1985), and with grand theft in violation of section 812.014, Florida Statutes (1985). The jury found Crocker guilty of resisting an officer without violence and petit theft. Prior to sentencing, the state moved to have Crocker sentenced for felony petit theft pursuant to section 812.014(2)(c) and sought to produce evidence that Crocker had previously been adjudicated guilty of both grand and petit theft. The trial court denied the state's motion, adjudicated Crocker guilty in accordance with the jury verdicts, and imposed a nine month sentence on the resisting an officer without violence conviction and a consecutive sixty day sentence on the petit theft conviction. This timely appeal of the judgment and sentence entered on the petit theft conviction followed.
Crocker contends that felony petit theft is a distinct substantive offense and that prior theft convictions must be specifically alleged on the charging document and proved. We agree that felony petit theft is a substantive offense. See State v. Harris, 356 So.2d 315 (Fla. 1978). We also agree that when felony petit theft is the only felony with which an accused is charged, the charging document must make clear that felony petit theft is being charged in order to invoke the jurisdiction of the circuit court. State v. Phillips, 463 So.2d 1136 (Fla. 1985). We do not agree, however, that prior thefts must be alleged in the charging document and proved in all instances before an accused may be found guilty of felony petit theft. Rather, we agree with our sister court's statement in Peek v. Wainwright, 393 So.2d 1175 (Fla. 3d DCA 1981), that if such a procedure were required, the state would have to charge the crime of felony petit theft, in the alternative, in every case that a jury could find the defendant guilty of petit theft as a lesser included offense of the crime actually charged.
Section 812.014(2)(c) provides in part that "[u]pon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree...." Although felony petit theft is a substantive offense and it is necessary to prove prior convictions as an element of that offense, the prior convictions should not be brought to the jury's attention because of the possible prejudice to the accused. Harris. Upon conviction of the third petit theft, the court should determine, in a separate proceeding, the historical fact of prior convictions and questions regarding identity in accord with general principles of law. In doing so, the court should follow a procedure similar to that employed under the habitual offender statute, section 775.084, Florida Statutes (1985). Harris.
Although Crocker was not charged with felony petit theft in this case, upon his *34 conviction of petit theft as a lesser included offense of grand theft, the state should have been permitted to establish that he was guilty of felony petit theft pursuant to section 812.014(2)(c). See Peek. The court erred by not applying the provisions of this section in determining the appropriate degree of Crocker's crime and the correspondingly appropriate sentence. We find no reason why we should protect an accused from possible prejudice by keeping evidence of his prior convictions from the jury and then hold that he cannot be convicted of the crime because he is so protected. As stated in Harris, the legislature has the right to create the substantive offense of felony petit theft, but the courts have the right to dictate the procedure to be employed in implementing it.
In this case, after Crocker was found guilty of petit theft and prior to sentencing, the state announced its intention to have him sentenced in accordance with the provisions of section 812.014(2)(c). In so doing, the state tried, as soon as possible under the circumstances, to follow the requirements of Harris and Peek, and the trial court erred in not allowing it to do so.
We reverse and remand for proceedings consistent herewith.
DANAHY, C.J., and LEHAN, J., concur.