527 So.2d 295 (1988)
James L. FLARITY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-337.
District Court of Appeal of Florida, Fifth District.
June 23, 1988.
James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED. See Peek v. Wainwright, 393 So.2d 1175 (Fla. 3d DCA 1981). See also Reynolds v. State, 516 So.2d 1094 (Fla. 5th DCA 1987).
ORFINGER, J., and UPCHURCH, F.D., Judge, Retired, concur.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
In Flarity v. State, 499 So.2d 18, 19 (Fla. 5th DCA 1986), this court reversed Flarity's conviction for robbery and "remanded for judgment and sentence for petit larceny." However, after remand, at the state's request, the trial court sentenced Flarity for felony petit theft.[1] Flarity appeals, arguing that the charging document charging him with robbery did not allege that he had two or more prior petit theft convictions which convictions are essential elements of the substantive criminal offense of felony petit theft and, therefore, he was never charged with felony petit theft and his sentence for that crime violates his constitutional due process rights.
In State v. Harris, 356 So.2d 315 (Fla. 1978), the Florida Supreme Court held (1) that the felony petit theft statute (then section 812.021(3), now section 812.014(2)(c), Florida Statutes  see note 1 below) created a substantive offense, and (2) that the required two or more prior petit larceny convictions are elements of that *296 substantive offense which must be specifically alleged and proved. To avoid jury prejudice against the accused, Harris also held that proof of the prior petit theft convictions can be made to the court in a separate proceeding after the jury finds the defendant guilty of the charged petit larceny offense.
The holding in Harris was not the only construction available. The supreme court could have found that section 812.014(2)(c), Florida Statutes (Supp. 1986) (the felony petit theft statute), did not create a separate substantive criminal offense but only provided for an enhanced punishment for a third or subsequent conviction of the substantive offense of petit theft. The difference between these views is far more than semantics and goes to the heart of the most serious double jeopardy and due process problems presented in contemporary criminal cases in Florida. In view of later thinking, it is possible that if the supreme court reconsidered the matter today, it might revise its holding in Harris as to the substantive nature of the offense named felony petit theft. The reason is this: substantively, the offense of felony petit theft bears the identical relationship to the substantive offense of petit theft as grand theft does to petit theft. Likewise, substantively, felony petit theft and grand theft each bears the same relationship to other theft offenses, such as robbery. Petit theft is unquestionably a basic substantive offense and a necessarily lesser offense of all other theft offenses including felony petit theft, grand theft, and robbery. All other theft offenses are aggravated forms of theft and all contain elements not required of petit theft or other theft offenses, i.e., felony petit theft requires prior petit theft convictions, grand theft requires an element relating to value or special property character, and robbery requires an element as to force, violence, or fear. Before Harris was decided in 1978, it was only generally understood that the substantive nature of a criminal offense was determined by its essential constituent elements. Therefore, at that time it was understandable that the court in Harris found that two or more prior convictions of petit theft constituted an essential element of the offense of felony petit theft and, after further finding that this element distinguished the felony petit theft offense from all other offenses, held felony petit theft to be a substantive offense whose elements, including the two or more prior petit theft convictions, must be alleged in the charging document before an accused could be convicted of that offense, whether as a specifically charged offense or a lesser included offense of some greater charged offense. This was the same analysis that supported the 1985 holding in State v. Rodriquez, 500 So.2d 120 (Fla. 1986), i.e., because grand theft and robbery each had a different element, each was a substantively different offense and a defendant could be convicted of both offenses based on a single theft without violating constitutional double jeopardy.
However, more recently, further analysis of the elusive concept of "substance" in criminal offenses has suggested that all elements of criminal offenses are not the same. Some are "core" or "nuclear" elements, which describe and differentiate substantive offenses (a single "evil"), while others are "degree" elements (or enhancing factors), which serve only to subdivide one basic substantive offense into degrees of culpability justifying varying levels of punishment.[2] Accepting this analysis, but calling the one substantive offense involved in each of two statutes the "same evil," the supreme court in Carawan v. State, 515 So.2d 161 (Fla. 1987) receded from Rodriquez and from Rotenberry v. State, 468 So.2d 971 (Fla. 1985) and, in Hall v. State, 517 So.2d 678 (Fla. 1988), overruled State v. Gibson, 452 So.2d 553 (Fla. 1984).[3]
*297 In receding from Rodriquez, the court in Carawan stated that the offenses of grand larceny and robbery both "address essentially the same evil., i.e., the taking of property without consent." Id. at 170. If, as Carawan implicitly holds, grand larceny and robbery are in substance but aggravated degrees of the basic substantive offense of petit theft, likewise felony petit theft is not, as was held in Harris, a separate substantive offense but is an aggravated degree of the basic substantive offense of [petit] theft, and the requirement of two or more prior petit theft convictions is but an enhancing factor (or degree element) essential not to a conviction of petit theft, but only to the enhanced punishment provided by statute for petit theft when that offense is aggravated by its commission by a thief who has previously been convicted twice or more of petit theft.[4]
If the analysis underlying Carawan and Hall[5] is applied to the substantive offense of petit theft, as it was when Rodriquez was overruled, Harris should also be overruled. It should be held (1) that [petit] theft is the basic substantive offense the essential elements of which are required by constitutional provisions to be alleged in a charging document and (2) that in order to constitutionally impose the enhanced degree of punishment provided by statute for "felony petit theft," due process requires only that after conviction for petit theft, and before sentencing, the defendant be given notice and opportunity to be heard as to the state's assertion of two or more prior petit theft convictions. In effect, to treat the two or more prior petit theft convictions required for punishment under the felony petit theft statute as "enhancing factors" (degree elements) would be to treat them as conditions precedent to the imposition of an enhanced punishment. This treatment would conceptualize felony petit theft not as a different independent substantive offense, but as an aggravated degree of the underlying or basic substantive crime of [petit] theft in the same manner that prior convictions are used to enhance the maximum statutory punishment under the habitual offender statute[6] (section *298 775.084, Florida Statutes); the wearing of a mask is used to enhance criminal penalties under section 775.0845, Florida Statutes; the use of a weapon or firearm is used to enhance criminal penalties under section 775.087(1), Florida Statutes; assaults and batteries upon an officer or firefighter are used to enhance criminal penalties under section 784.07, Florida Statutes; and the carrying of a weapon or firearm enhances the penalty for robbery[7] under sections 812.13(2)(a) and (2)(b), Florida Statutes.[8]
Until the supreme court reconsiders Harris in light of Carawan, we can neither disregard the holding in Harris nor render a decision on the basis of our understanding of the reasoning in Carawan and Hall because those cases do not consider Harris and such a decision would be inconsistent with Harris. We are constrained by Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
In this case, the state relies on Peek v. Wainwright, 393 So.2d 1175 (Fla. 3d DCA 1981) for the position that when the accused is charged with any felony of which petit theft is a necessarily lesser included offense, if after a jury verdict finds guilt as to petit theft and two or more prior petit theft convictions are proved to the judge, the accused can be lawfully convicted and sentenced for felony petit theft although the charging document does not allege the prior convictions.
Following Peek, the Second District Court of Appeal in State v. Crocker, 519 So.2d 32 (Fla. 2d DCA 1987) also held that prior petit theft convictions do not have to be alleged in the charging document and proved "in all instances" before an accused may be found guilty of felony petit theft. Crocker understood that the reason for the result in Peek was that if the state had to allege the two or more prior petit theft convictions,
the state would have to charge the crime of felony petit theft, in the alternative, in every case that a jury could find the defendant guilty of petit theft as a lesser included offense of the crime actually charged. [emphasis added]
Peek and Crocker address matters which are not problems and fail to address the real problems. The problems do not include jurisdiction[9] nor any burden on the *299 state to always allege permissive lesser included offenses.[10] The problem involves constitutionally required notice of criminal accusations, jeopardy, and constitutional due process.
The federal and state constitutions provide that in all criminal prosecutions, the accused shall enjoy the right to be informed of the nature and cause of the accusation against him[11] and that no person shall be deprived of life, liberty, or property without due process of law.[12]
A criminal charging document is adequate to charge, to inform the accused of the nature and cause of the accusation against him, to give due process notice of, and to place a defendant in jeopardy[13] as to, a particular criminal offense only if the charging document alleges sufficient ultimate facts to support every essential constituent element of such offense.
Conviction of a defendant of a crime with which he was not charged and, accordingly, for which he was not lawfully tried, violates the constitutional requirements that an accused be informed of the accusation against him and also violates the due process clauses of the federal and state constitutions and constitutes fundamental error.
In holding that a defendant can be adjudicated guilty of, and punished for, the offense of felony petit theft even though the charging document fails to allege that the defendant has been convicted of two or more prior petit thefts (which is an essential element of the substantive offense of felony petit theft under the opinion in Harris), the holdings in Peek and Crocker directly conflict with Harris, conflict with the above constitutional principles, and are inconsistent with the following cases: Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948); DeJonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937); Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); Markham v. United States, 160 U.S. 319, 16 S.Ct. 288, 40 L.Ed. 441 (1895); The Schooner Hoppet and Cargo v. United States, 11 U.S. (7 Cranch) 389, 3 L.Ed. 380 (1813) (Chief Justice John Marshall stated, "The rule that a man shall not be charged with one crime and convicted of *300 another, may sometimes cover real guilt, but its observance is essential to the preservation of innocence."); State v. Rozier, 436 So.2d 73 (Fla. 1983); State v. Gray, 435 So.2d 816 (Fla. 1983); State v. Sykes, 434 So.2d 325 (Fla. 1983); Ray v. State, 403 So.2d 956 (Fla. 1981); State v. Black, 385 So.2d 1372 (Fla. 1980); State v. Dye, 346 So.2d 538 (Fla. 1977); Perkins v. Mayo, 92 So.2d 641 (Fla. 1957); LaRussa v. State, 142 Fla. 504, 196 So. 302 (1940); Penny v. State, 140 Fla. 155, 191 So. 190 (1939); Hamilton v. State, 129 Fla. 219, 176 So. 89, 112 A.L.R. 1013 (1937) (due process requires allegation of every material fact and essential element of offense be charged with precision and certainty); State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980); Minor v. State, 329 So.2d 30 (Fla. 2d DCA 1976); Haley v. State, 315 So.2d 525 (Fla. 2d DCA 1975); O'Neal v. State, 308 So.2d 569 (Fla. 2d DCA 1975), overruled, Roberts v. State, 320 So.2d 832 (Fla. 2d DCA 1975); Causey v. State, 307 So.2d 197 (Fla. 2d DCA 1975); Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971); Johnson v. State, 226 So.2d 884 (Fla. 2d DCA 1969).
Flarity's convictions of, and punishment for, felony petit theft should be reversed[14] and this cause remanded for adjudication of, and sentence for, petit theft[15] as directed and mandated by our prior opinion in this case.[16]
NOTES
[1] Section 812.014(2)(c), Florida Statutes (Supp. 1986), provides as follows:

(c) Theft of any property not specified in paragraph (a) or paragraph (b) is petit theft and a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. Upon a second conviction for petit theft, the offender shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. Upon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084. [emphasis added]
[2] See note 3 to the dissent in Gotthardt v. State, 475 So.2d 281 (Fla. 5th DCA 1985) and the separate opinion in the district court version of Bing v. State, 492 So.2d 833 (Fla. 5th DCA 1986), approved, 514 So.2d 1101 (Fla. 1987).
[3] State v. Carpenter, 417 So.2d 986 (Fla. 1982) held, in effect, that aggravated battery and battery on a law enforcement officer were each separate and distinct substantive offenses. Contrary to the supreme court's ruling in State v. Crumley, 512 So.2d 183 (Fla. 1987), which distinguishes Carpenter from Carawan and upholds Carpenter, it would appear that the statutory offenses of aggravated battery and battery on a law enforcement officer are but aggravated degrees of the one substantive underlying offense of battery (the two statutes merely providing different punishment for different degrees of the "same evil"  battery) just as Carawan, in receding from Rodriquez found that robbery and grand larceny were aggravated degrees of the one substantive underlying offense of [petit] theft.
[4] See Carawan, 515 So.2d at 164 ("It is presumed, however, that this legislative prerogative is not exercised by punishing the same offense under more than one statutory provision, since the legislature can achieve the same result with greater economy by merely increasing the penalty for the single underlying offense." [emphasis added]). See also the separate opinion in Bing v. State, 492 So.2d at 836.
[5] In Hall v. State, 517 So.2d 678 (Fla. 1988), it was held that a conviction and punishment for committing a robbery while carrying a firearm (§ 812.13(2)(a), Fla. Stat.) and the use of a firearm while committing a felony (§ 790.07(2), Fla. Stat.) was improper when based upon a single event because the one underlying act or substantive offense is enhanced twice for the same reason: because a firearm was used.
[6] Of all the enhancement statutes listed here, the habitual offender statute provides the closest analogy to the felony petit theft statute. In both statutes, the defendant's prior convictions are used to enhance the punishment imposed as to a subsequent conviction. While Harris, 356 So.2d 315, held that the required two or more prior petit theft convictions are elements of the substantive offense of felony petit theft, such is not the case with the habitual offender statute. In Eutsey v. State, 383 So.2d 219 (Fla. 1980), the court held that the habitual offender statute does not create a new substantive offense. The court noted that the determination of habitual offender status is independent of the determination of guilt of the underlying substantive offense, and requires new findings of fact separate and distinct from the crime charged. Accordingly, a defendant need not be afforded the same due process rights in habitual offender proceedings as are required during trial as to guilt. Apparently, this is the reason the defendant's prior convictions need not be specifically alleged in the charging document when the State seeks to utilize the habitual offender statute. In contrast, Harris requires that, in felony petit theft cases, a defendant's prior petit larceny convictions be specifically alleged in the charging document. The habitual offender statute requires only that written notice be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant. § 775.084(3)(b), Fla. Stat. Yet this has not always been the case. Before the habitual offender statute was enacted, section 775.11, Florida Statutes (1969) provided for the enhancement of punishment for the second (§ 775.09, Fla. Stat. (1969)) and fourth (§ 775.10, Fla. Stat. (1969)) convictions of a felony. Under section 775.11, Florida Statutes (1969), the state attorney was required to file an information accusing the defendant of such previous convictions. The defendant then had a right to a jury determination as to whether he was the same person as the one who committed the prior offenses alleged in the information. Sections 775.09 and 775.10 were repealed in 1971, while section 775.11 was repealed in 1974.
[7] The facts "enhancing" punishment for robbery have been generally treated as core or nuclear elements differentiating three different substantive crimes of robbery.
[8] Compare section 775.0846, Florida Statutes, which, in form, appears to create a separate substantive offense prohibiting the wearing of body armor while committing certain crimes, rather than merely using that factor to enhance punishment for the underlying offense. This is unfortunate and creates the same substantive double jeopardy identity-of-offense problem created by sections 790.07(1) and (2), Florida Statutes, which attempt to make a separate substantive offense of using a weapon or firearm while committing other crimes.
[9] Because the county court has jurisdiction over misdemeanors such as petit theft, and the circuit court has jurisdiction over felonies such as felony petit theft, the court in Peek seems to think that, whether or not the charging document alleges previous convictions of two or more petit theft offenses, the problem is one of jurisdiction and reasons that jurisdiction is no problem to a conviction of felony petit theft if the charging document charges any felony, such as robbery, which invokes the felony jurisdiction of the circuit court. The problem is not one of jurisdiction but of due process. Peek disregards the clear and correct dictates of Harris: that for a defendant to be convicted of, and sentenced for, felony petit larceny, the charging document must allege that the defendant was previously convicted of two or more petit theft offenses. Of course, a petit theft charge in a charging document filed in the county court would present a jurisdictional problem as to a conviction of felony petit theft, but that problem was not presented in Peek and is not presented in this case.
[10] Because it is necessary to allege all of the elements of a possible or permissive (category 4) lesser included offense does not mean that the state must charge such a permissive lesser offense in every case where the state could do so. To charge or not to charge a particular defendant with a particular crime has always been in the exercise of governmental executive authority and discretion. Felony petit theft is a necessarily lesser included offense of no crime; therefore, as in all cases, the state has the option to make it a possible or permissive lesser included offense of some greater crime. When the state exercises this option, the possible lesser offense is always an alternative to a conviction of the greater offense and also an alternative to the conviction of any other necessarily or possible lesser included offense alleged in the same count. If the state does not want to subject the defendant to the possibility of being convicted of felony petit theft as a lesser included offense of any charge, it need only not allege defendant's two prior petit theft convictions and the defendant can not be lawfully convicted of felony petit theft. On the other hand, if the state does want to subject the defendant to the possibility of being convicted of felony petit theft as a lesser included offense of some other felony charge, the state need only allege the two or more prior petit theft offenses, and the defendant is then given due process notice and an opportunity to defend with knowledge that his trial can result in a conviction of felony petit theft. In Brown v. State, 206 So.2d 377, 383 (Fla. 1968), Justice Thornal carefully explains that a criminal information must allege all of the elements of a category four (possible) lesser included offense because

we are confronted by the organic requirement that the accusatory pleading apprise the defendant of all offenses of which he may be convicted.
[11] U.S. Const. amend. VI; Art. I, § 16, Fla. Const.
[12] U.S. Const. amend. V; Art. I, § 9, Fla. Const.
[13] Because the scope of jeopardy in a particular case is controlled and limited by the allegation in the charging document (see, e.g., Fla.R. Crim.P. 3.140(o)), and not the evidence presented during trial, facts supporting every essential element of every offense of which the accused can be convicted must be alleged in the charging document. See Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982), and the dissent in Collins v. State, 489 So.2d 188 (Fla. 5th DCA 1986).
[14] In all probability, Flarity has by now already suffered more confinement than the law allows for the misdemeanor offense of petit theft.
[15] As has been ineffectively argued in other cases, this case, wherein a defendant's criminal confinement is subject to serious constitutional questions, should not be disposed of by a PCA decision whatever may be the ultimate disposition. See, e.g., Gotthardt v. State, 475 So.2d 281 (Fla. 5th DCA 1985); Akins v. State, 462 So.2d 1161 (Fla. 5th DCA 1984).
[16] Flarity, 499 So.2d at 19. Our prior opinion became "the law of the case" and was binding on the trial court upon the prior remand "for judgment and sentence for petit larceny." See Brunner Enterprises, Inc. v. Department of Revenue, 452 So.2d 550 (Fla. 1984), for a general discussion of the "law of the case" doctrine.