PER CURIAM.
Appellant, Nilo Roche, appeals his conviction for felony petit theft pursuant to Section 812.014(2)(d), Florida Statutes (1989). We affirm.
Appellant was originally charged in the county court with misdemeanor retail theft. Subsequently, the appellee, State, filed an amended information invoking the jurisdiction of the circuit court. The amended information alleged that appellant had “two or more prior convictions” of petit theft, thus enhancing the charge to felony petit theft.
The amended information was amended a second time to comply with the requirements of State v. Crocker, 519 So.2d 32 (Fla.2d DCA 1987) and State v. Harris, 356 So.2d 315 (Fla.1978). Crocker and Harris established that although felony petit theft is a substantive offense requiring the State to prove prior convictions, the prior convictions should not be brought to the jury’s attention because of possible prejudice. Accordingly, the State removed all references to the prior convictions from the information, retaining only that language charging appellant with a third degree felony.
Appellant contends that because there was no reference made in the information to the prior convictions, the jurisdiction of the circuit court was never properly invoked. We disagree.
Because of the danger of possible prejudice against a defendant who has been previously convicted of the same substantive offenses as that charged in the present information, the Florida Supreme Court delineated a procedural bifurcation in State v. Harris, 356 So.2d at 315. A defendant charged with felony petit larceny is first to be tried in the circuit court, without bringing the prior convictions to the attention of the jury. Harris, 356 So.2d at 317. Upon conviction of the third petit larceny, the court will determine the existence of prior convictions in a separate proceeding. Harris, 356 So.2d at 317.
In order to invoke the jurisdiction of the circuit court, the charging document must only make clear that felony petit theft is being charged. The prior convictions need not be specifically alleged in the charging document. Crocker, 519 So.2d at 33.
We find compliance with the requirements of Harris and Crocker. Accordingly, we affirm.