COBB, Judge.
The appellant, Martha Ellen Kinlaw, was convicted of retail theft and assault. On appeal, she contends the trial court erred in three respects: (1) in elevating her theft conviction to a third degree felony absent a statutory reference to felony petty theft in the charging document; (2) in imposing restitution without considering her ability *1243 to pay; and (3) in imposing an order of probation which did not conform to oral pronouncements made in open court.
We find no record support for the first and second issues. See Flarity v. State, 527 So.2d 295 (Fla. 5th DCA 1988). The appellant’s third point on appeal, however, does require reversal and remand of the sentence. During the sentencing hearing the trial court stated that Kinlaw would serve twenty-four months probation. At a separate time, the trial court stated that she would serve three years probation. Later, the written order of probation recited that the term of probation would be for five years. This court has no way of knowing, with certainty, which term of probation was intended. This factual situation represents the classic example where the matter must be sent back to the trial court in order to make a factual resolution or correct what might be simply a clerical error. Marchand v. State, 546 So.2d 1184 (Fla. 5th DCA 1989); Wilkins v. State, 543 So.2d 800, 802 (Fla. 5th DCA), rev. denied, 554 So.2d 1170 (Fla.1989).
Accordingly, the appellant’s sentence is vacated and this matter is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
W. SHARP and GOSHORN, JJ„ concur.