595 So.2d 1052 (1992)
Brenda CLAY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1071.
District Court of Appeal of Florida, Fourth District.
March 11, 1992.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
The state charged appellant with armed robbery and resisting a merchant. The jury found her guilty of the lesser included *1053 offense of petit theft and resisting a merchant. The trial court adjudicated her guilty of the two misdemeanors. At sentencing, however, the court reclassified her conviction pursuant to section 812.014(2)(c), based on her prior theft convictions.
Appellant stipulated at pretrial that she had nine prior misdemeanor convictions. The information, however, did not make reference to the prior convictions, nor did it charge her with a felony petit theft. On that ground, appellant contends that the trial court erred when it reclassified her petit theft conviction to felony petit theft. We agree and reverse.
In State v. Rodriguez, 575 So.2d 1262 (Fla. 1991), the court stated:
A charging document must provide adequate notice of the alleged essential facts the defendant must defend against. Art. I, §§ 9, 16, Fla. Const. In recognition of this concern, Florida Rule of Criminal Procedure 3.140(b) provides that an "indictment or information upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." (Emphasis original).
Id. at 1264. The Rodriguez Court then referred to its prior opinion in State v. Harris, 356 So.2d 315 (Fla. 1978):
Justice Hatchett concluded for the Court that the felony petit larceny statute "creates a substantive offense and is thus distinguishable from [s]ection 775.084, the habitual criminal offender statute." Harris, 356 So.2d at 316. The felony DUI statute is indistinguishable in this regard... . As in Harris, we conclude that the existence of three or more prior DUI convictions is an essential fact constituting the substantive offense of felony DUI.
... .
Having established that the existence of prior DUI convictions is an essential element of felony DUI, it necessarily follows that the requisite notice of prior DUI convictions must be given in the charging document... .
Id. at 1265.
The state cites State v. Crocker, 519 So.2d 32 (Fla. 2d DCA 1987) in support of its argument that because it charged appellant with grand theft and the jury convicted her of a lesser included offense of petit theft, the charging document need not allege the prior thefts before an accused may be found guilty of felony petit theft. In Crocker, the court said:
We also agree that when felony petit theft is the only felony with which an accused is charged, the charging document must make clear that felony petit theft is being charged in order to invoke the jurisdiction of the circuit court. State v. Phillips, 463 So.2d 1136 (Fla. 1985). We do not agree, however, that prior thefts must be alleged in the charging document and proved in all instances before an accused may be found guilty of felony petit theft. Rather, we agree with our sister court's statement in Peek v. Wainwright, 393 So.2d 1175 (Fla. 3d DCA 1981), that if such a procedure were required, the state would have to charge the crime of felony petit theft, in the alternative, in every case that a jury could find the defendant guilty of petit theft as a lesser included offense of the crime actually charged.
Id. at 33. We find the reasoning in Crocker persuasive, but note that Crocker preceded the supreme court's Rodriguez opinion and its discussion therein of Harris. Based on Rodriguez, we conclude that the state must allege the elements of the felony petit larceny statute in its charging document if it intends to proceed under section 812.014(2)(c).
Accordingly, we hold that the trial court erred when it reclassified appellant's conviction to felony petit theft. We reverse appellant's felony petit theft conviction and and remand this cause to the trial court with instructions to enter a judgment of conviction for petit theft and to sentence appellant consistent therewith.
REVERSED and REMANDED.
*1054 LETTS, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, Judge, specially concurring.
I fully agree with Judge Dell's analysis and conclusion. This separate opinion is prompted only because of something he said along the way. I do not find the reasoning in State v. Crocker, 519 So.2d 32 (Fla. 2d DCA 1987), at all persuasive  especially in light of the combined effect of the supreme court's decisions in State v. Harris, 356 So.2d 315 (Fla. 1978), and State v. Rodriguez, 575 So.2d 1262 (Fla. 1991).
In Harris, a defendant attacked the constitutionality of section 812.021(3), Florida Statutes (1975)[1] by arguing that procedurally it allowed the state to offer evidence to a jury that a defendant had previously been convicted of crimes A and B, from which the jury might infer guilt as to charged crime C. The court noted that "[u]nder section 812.021(3), as interpreted by the State, prior convictions are considered an element of the offense and must be specifically alleged and proved." 356 So.2d at 316.
The court agreed that the statute toyed with the presumption of innocence, but construed it in such a way as to eliminate the problem. The court prescribed a procedure whereby, when one is charged with felony petit larceny under the statute, no evidence of the prior convictions is presented to the jury, and upon conviction the court holds a separate proceeding to determine the fact of prior convictions and any questions of identity. In this regard, the court followed the procedures used under the then habitual criminal offender statute.
Later, in Rodriguez, the issue was:
"whether a charging document must specifically allege three or more prior convictions for Driving Under the Influence (DUI) when charging a defendant with felony DUI to confer jurisdiction on the circuit court and to comply with due process of law."
575 So.2d at 1263. After deciding the jurisdictional issue in the affirmative, the court turned to the due process question. Specifically citing Harris, the court found that the DUI statute was indistinguishable from the felony petit larceny statute. It then expressly applied the Harris reasoning to create an identical bifurcated procedure, whereby the prior convictions must be set forth in the charging document but kept from the jury and considered only in a later proceeding after a conviction.
Crocker was decided between Harris and Rodriguez. In the trial court, he was charged and tried for grand theft. The jury returned a verdict of guilt for the lesser included offense of petit theft. Before sentencing the state moved to "reclassify" the convicted offense to felony petit theft, but the trial court denied the motion. The Second District reversed that decision, saying that it did not agree that the state was required to charge the defendant formally with felony petit theft in all cases in order to sentence a defendant under that statute. Such a requirement, the court said, would effectively mean that:
the state would have to charge the crime of felony petit theft, in the alternative, in every case that a jury could find the defendant guilty of petit theft as a lesser included offense of the crime actually charged.
519 So.2d at 33.
I think that is exactly what Harris-Rodriguez means. The state must separately charge the crime of felony petit theft in every case in which it might conceivably want to seek punishment for that crime if it fails to obtain a conviction on a more serious charge. The necessity of a formal separate charge springs from the very nature of a lesser included offense. As the supreme court explained in Borges v. State, 415 So.2d 1265 (Fla. 1982):
A less serious offense is included in a more serious one if all of the elements required to be proven to establish the former are also required to be proven, *1055 along with more, to establish the latter. If each offense requires proof of an element that the other does not, the offenses are separate and discrete and one is not included in the other. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
415 So.2d at 1267. Felony petit theft cannot logically be a lesser included offense of grand theft or armed robbery because neither of these two more serious offenses contain the element of two prior convictions for petit theft. The separate charge is therefore constitutionally required.
Crocker may seem more persuasive, more sensible, more accommodating to the press of business in a harried prosecutor's busy office in a crowded urban area. But constitutional requirements, such as essential notice of the precise crime sought to be charged, are not always founded wholly on logic or administrative ease. This one, for example, is rooted in fundamental fairness  on the notion that ambiguous or vague charges of crimes have sometimes been misused to punish dissent, or remove adversaries, or simply to achieve convictions when no more specific crime applies. The overriding imperatives of constitutional policy thus displace the understandable quest for procedural simplicity.
If the state wanted Clay to bear more severe punishment for a fifth conviction of petit theft, then all it had to do was charge her with felony petit theft under section 812.014(2)(d). Rather than doing that simple procedural act, it charged her only with armed robbery. The jury then rejected that charge but returned a verdict of guilty on the lesser included offense of petit larceny.
At sentencing, the court "reclassified" the conviction to felony petit larceny and punished her accordingly. No charging document ever alleged the elements of felony petit larceny, even though the state apparently knew of her previous four convictions of that crime. If she thus escapes more serious punishment for her fifth petit theft conviction, that is caused by a failure of the state to do the basic act of charging her with the precise offense that the facts will bear.
I therefore agree that the "reclassified" conviction for felony petit theft must be overturned.
NOTES
[1] That statute is now codified at section 812.014(2)(d), Florida Statutes (1991), without any material change in text.