641 So.2d 401 (1994)
Jay Robinson YOUNG, Petitioner,
v.
STATE of Florida, Respondent.
No. 83000.
Supreme Court of Florida.
August 18, 1994.
*402 James Marion Moorman, Public Defender and Robert F. Moeller, Asst. Public Defender, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., Robert J. Krauss, Sr. Asst. Atty. Gen., Chief of Crim. Law, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for respondent.
HARDING, Justice.
We have for review Young v. State, 630 So.2d 1113 (Fla. 2d DCA 1993), which relied upon State v. Crocker, 519 So.2d 32 (Fla. 2d DCA 1987), and noted conflict with Clay v. State, 595 So.2d 1052 (Fla. 4th DCA 1992). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.[1]
Jay Robinson Young was found guilty of the lesser included offense of petit theft. The State filed notice of the intention to have Young sentenced for felony petit theft based on section 812.014(2)(d), Florida Statutes (1991).[2] The trial court found Young guilty of felony petit theft and initially sentenced him to five years in prison. However, the court increased his sentence to ten years based on Young's status as a habitual offender.
On appeal, the Second District Court of Appeal affirmed Young's conviction and sentence citing Crocker. But the court indicated that it recognized its decision in this case conflicts with Clay. Both Crocker and Clay involved circumstances similar to those presented in the instant case. However, the district courts reached opposite conclusions on the issue of whether the defendant must receive notice in the charging document that the State will seek a sentence under the felony petit theft statute.
In Crocker, the defendant was found guilty of petit theft. Prior to sentencing, the State indicated its intention to have him sentenced for felony petit theft pursuant to the provisions of section 812.014(2)(c), Florida Statutes (1985).[3] The trial court denied the State's motion to find Crocker, who allegedly had two prior theft convictions, guilty of felony petit theft. On appeal, the Second District Court of Appeal found that the trial court had erred in not allowing the State to proceed. The district court stated that "[w]e find no reason why we should protect an accused from possible prejudice by keeping evidence of his prior convictions from the jury and then hold that he cannot be convicted of the crime because he is so protected." 519 So.2d at 34. Although the Crocker court acknowledged that felony petit theft is a substantive offense according to State v. Harris, 356 So.2d 315 (Fla. 1978), it did not believe that "prior thefts must be alleged in the charging document and proved in all instances before an accused may be found guilty of felony petit theft." 519 So.2d at 33.
Contrary to Crocker, the Fourth District Court of Appeal in Clay found that the State must declare its intention to seek felony petit theft in the charging document. 595 So.2d at 1053. In Clay, the district court held that the trial court erred when it reclassified the defendant's petit theft conviction to felony *403 petit theft. Id. The district court concluded that this Court's reasoning in State v. Rodriguez, 575 So.2d 1262 (Fla. 1991), controlled its decision. In Rodriguez, this Court held that "[h]aving established that the existence of prior DUI [Driving Under the Influence] convictions is an essential element of felony DUI, it necessarily follows that the requisite notice of prior DUI convictions must be given in the charging document." Id. at 1265. Based upon Rodriguez, the Clay court held that the State "must allege the elements of the felony petit larceny statute in its charging document if it intends to proceed under section 812.014(2)[(d)]." 595 So.2d at 1053.
We agree with the Fourth District Court's interpretation of our decisions in Harris and Rodriguez as they relate to the felony petit theft statute. While we recognize that it may be awkward, we feel constrained by our precedent to require that the elements of the felony petit larceny statute be alleged in the charging document. Thus, even when there is a possibility that a conviction for a lesser included offense of petit theft would result in a felony petit theft conviction under section 812.014(2)(d), the State must put the defendant on notice in the charging document.[4]
Accordingly, we approve the decision in Clay and disapprove the decision in Crocker to the extent that it is inconsistent with this opinion. Furthermore, we quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW and KOGAN, JJ., concur.
NOTES
[1] We note that this case does not involve the type of derivative conflict that was disallowed in Dodi Publishing Co. v. Editorial America, S.A., 385 So.2d 1369 (Fla. 1980). In the instant case, the district court not only cited State v. Crocker, 519 So.2d 32 (Fla. 2d DCA 1987), but also noted conflict with Clay v. State, 595 So.2d 1052 (Fla. 4th DCA 1992). Thus, as in Stevens v. Jefferson, 436 So.2d 33, 34 & n. * (Fla. 1983), we accept jurisdiction because the district court indicated contrary authority.
[2] Section 812.014(2)(d), Florida Statutes (1991), provides in pertinent part that "[u]pon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084."
[3] This statute is now codified at section 812.014(2)(d), Florida Statutes (1991), without any material changes.
[4] The information should include language to the effect that in the event the defendant is found guilty of the lesser included offense of petit theft, the defendant is also charged with felony petit theft under section 812.014(2)(d) by reason of the previous convictions of two or more thefts as thereafter described. This would put the defendant on notice in the charging document that if there is a finding of guilt of petit theft, then the procedures set forth in Rodriguez v. State, 575 So.2d 1262, 1266 (Fla. 1991), will then be followed to determined whether there should be a conviction of felony petit theft. However, as explained in Rodriguez, the trial court must also protect the defendant's presumption of innocence by withholding from the jury any allegations or facts about the alleged prior theft offenses. Id. Thus, if the jury takes a copy of the information into the jury room, the trial court must ensure that all portions stating the charge is a felony and detailing the alleged prior convictions have been excised from that copy.