693 So.2d 1009 (1997)
STATE of Florida, Appellant,
v.
Oberlin D. HARVEY, Appellee.
No. 96-2475.
District Court of Appeal of Florida, Fourth District.
April 9, 1997.
Rehearing and Certification Denied May 21, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, Denise S. Calegan, Assistant Attorney General, Barry E. Krischer, State Attorney, and Ira D. Karmelin, Assistant State Attorney, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellee.
WARNER, Judge.
The state appeals the order of the circuit court dismissing the information charging appellee pursuant to section 322.34(1), Florida Statutes (1995), with driving while his license was suspended. The trial court determined that because appellee had been declared a habitual traffic offender pursuant to section *1010 322.264(1)(d), Florida Statutes (1991), section 322.34(1) did not apply, and the state could charge appellee only with a misdemeanor. We agree that appellee can be charged only with a misdemeanor under the statute and affirm the trial court's ruling.
Appellee has a long traffic record. His suspensions mainly stem from his failure to pay traffic fines and failure to appear on traffic summonses. His record shows that his license was suspended indefinitely on February 6, 1986, for failure to pay traffic fines and was suspended seventeen more times since then. On May 12, 1992, appellee was declared a habitual traffic offender pursuant to section 322.264(1)(d), resulting in the revocation of appellee's driver's license for five years.
Appellee was arrested in January of 1996 for felony driving while license suspended or revoked under section 322.34(1)(c). Appellee filed a motion to dismiss contending that because he had already been declared a habitual traffic offender, he could not be charged under that subsection. The trial court agreed and dismissed the information, giving the state ten days to file an amended information charging appellee with a misdemeanor.
Section 322.34 provides in pertinent part as follows:
(1) Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, and who drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
(a) A first conviction is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(b) A second conviction is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(c) A third or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Any person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked upon:
(a) A first conviction is guilty of a
misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(b) A second or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 322.34(1)-(2)(emphasis supplied).
Appellee was declared a habitual traffic offender in 1992 under section 322.264(1)(d). This is not disputed. Under the plain meaning of section 322.34(1), persons who have been declared habitual traffic offenders are excluded from its application. Instead, section 322.34(2) applies to habitual traffic offenders who drive while their license is revoked.
We think there is no room for alternative construction of this statute because its meaning is plain on its face. "[T]he plain meaning of statutory language is the first consideration of statutory construction. Only when a statute is of doubtful meaning should matters extrinsic to the statute be considered in construing the language employed by the legislature." Capers v. State, 678 So.2d 330, 332 (Fla.1996) (citations omitted).
The state argues that it has the discretion to charge appellee under section 322.34(1) because appellee's license was both suspended for failure to appear and failure to pay traffic fines as well as being revoked under the habitual traffic offender statute. We question how a license can be both suspended and revoked at the same time, and the information charged appellee with driving while his license was cancelled, suspended or revoked, indicating a shotgun approach without the exercise of executive discretion. Nevertheless, even if that could occur and the state was simply charging him with driving while his license was suspended, the defendant has to be chargeable under the statute selected. Here, section 322.34(1) expressly excepts persons defined as habitual traffic offenders *1011 from its provisions. Therefore, the statute does not apply to appellee, and the state's argument of executive discretion is irrelevant.
The state also argues that the application of the statute is absurd since appellee will now receive a lighter punishment than if he were charged under section 322.34(1)(c). If his habitualization is ignored, then his three prior traffic offenses permit him to be charged with a third degree felony under the statute. Because he has been declared to be a habitual offender, he can be charged only under section 322.34(2)(a) which makes his violation punishable as a misdemeanor of the first degree on his first conviction after revocation. While it is true that the legislative intent as set forth in section 322.263(3), Florida Statutes (1995), was to discourage repetition of criminal action, it also ascribes as part of the legislative intent to "impose increased and added deprivation of the privilege of operating motor vehicles upon habitual offenders." § 322.263(3). To that end, the legislature provided for a five year revocation of the license of a person who qualifies as a habitual traffic offender. Thus, the Legislature did increase the penalty for a habitual traffic offender by taking away the offender's license for a substantial period of time. Although it may seem inconsistent that once declared a habitual traffic offender, the offender can be charged on a first conviction only with a first degree misdemeanor, whereas if the offender had not been declared such, a felony charge could be brought, the punishment scheme is not absurd, considering the lengthy license revocation which accompanies the habitual traffic offender designation.
The state's arguments are more appropriately addressed to the Legislature which may wish to revisit this statute and change the penalties. As it is written, it is unambiguous, and the court can only enforce it as written. We therefore affirm the ruling of the trial court.
STONE, J., concurs.
POLEN, J., concurs specially.
POLEN, Judge, concurring specially.
While I agree the trial court had no discretion but to dismiss the felony charges in lieu of misdemeanor charges as section 322.34 is applied to this appellee, I am wondering if this is what the Legislature really intended. To that end, I would encourage the appropriate legislative committees to revisit the application of the exception in section 322.34(1) for habitual traffic offenders.