POLEN, Judge.
Kenneth Perryman pled no contest to two charges of felony “driving while license suspended or revoked” under section 322.34(1), Florida Statutes, preserving his right to appeal the trial court’s denial of his motions to dismiss the charges. The defendant had already been declared a habitual traffic offender under section 322.264, and contends that, on his next offense, he may only be charged with a misdemeanor under section 322.34(2)(a). We agree.
The plain language of section 322.34, Florida Statutes (1995), operates to preclude the state from charging a defendant, once declared a habitual traffic offender under section 322.264, with a felony for his next charge under this statute. The statute states, in pertinent part:
(1) Any person whose driver’s license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined, in s. 322.264, [1] and who drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
(a) A first conviction is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(b) A second conviction is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(c) A third or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Any person whose driver’s license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked upon:
(a) A first conviction is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(b) A second or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 322.34, Fla. Stat. (1995) (emphasis added). Under the plain meaning of the statute, section 322.34(1) is not applicable to a defendant once having been found a section 322.264 habitual traffic offender. See Capers v. State, 678 So.2d 330, 332 (Fla.1996) (citations omitted), (cited in State v. Harvey, 693 So.2d 1009, 1010 (Fla. 4th DCA 1997) (holding that, under standard rules of construction, the plain meaning of the statute governs review)). Therefore, as the state properly concedes, the court should have granted the motions to dismiss. See Harvey, 693 So.2d at 1011 (holding that, where a defendant has been declared as a habitual traffic offender, he can be charged only under section 322.34(2)(a), Florida Statutes).
REVERSED AND REMANDED TO TRIAL COURT TO DISMISS THE CHARGES AGAINST APPELLANT THAT ARE THE SUBJECT OF THIS APPEAL.
GLICKSTEIN and GUNTHER, JJ., concur.

. Section 322.264, Florida Statutes (1995) reads, in pertinent part:
A "habitual traffic offender” is any person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that such person has accumulated the specified number of convictions for offenses described in subsection (1) or subsection (2) within a 5-year period.... Any violation of any federal law, any law of another state or country, or any valid ordinance of a municipality or county of another state similar to a statutory prohibition specified in subsection (1) or subsection (2) shall be counted as a violation of such prohibition.