771 So.2d 1189 (2000)
Ricky L. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3431.
District Court of Appeal of Florida, Fifth District.
October 13, 2000.
Rehearing Denied November 28, 2000.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
*1190 Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Defendant went to trial on charges of burglary of a structure, grand theft and possession of drug paraphernalia. He was convicted after a jury trial of the burglary and possession charges, and of petit theft. In the information, the state had noted two or more prior theft convictions, and after trial but before sentencing, the state indicated its intention to seek a felony petit theft adjudication. It was successful and defendant was sentenced to ten years incarceration as an habitual offender on the burglary conviction, five years concurrent on the enhanced petit felony charge, and a concurrent one-year sentence on the paraphernalia charge.
Appellant first contends that the trial court erred in denying his motion for judgment of acquittal on the burglary charge. He asserts that he was an invitee on the premises of the paint and body shop which he says was open to the public (and from which he was accused of stealing two paint sprayers) so that he could not be convicted of burglary of that structure, citing Delgado v. State, 25 Fla. L. Weekly S631, ___ So.2d ___, 2000 WL 1205960 (Fla.2000). However, there was testimony from the owner of the premises and employees that the business was a wholesale, not retail business and did no work for the general public; that there were three "Employee Only" signs on the premises and no one other than employees were permitted to enter the paint room where the stolen paint sprayers were kept. In evaluating a motion for judgment of acquittal, all facts introduced into evidence are considered admitted, and the court must draw every conclusion and inference therefrom in favor of the state. See Codie v. State, 313 So.2d 754 (Fla.1975); Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982). Because the state presented evidence that the premises were not open to the public, and that in fact the business was closed on the day in question, the trial court correctly denied the motion and submitted the determination to the jury.
Appellant next contends that his sentence for felony petit theft violates double jeopardy principles because, although charged with grand theft, he was convicted only of petit theft. However, it is the very conviction for petit theft, when there are two or more previous theft convictions, that triggers the procedure for sentencing a defendant for felony petit theft.[1] The method of charging, proving and sentencing a defendant for felony petit theft has evolved over the years.
In earlier cases, it was held that it was unnecessary to either plead or prove at trial the prior convictions, but that after the adjudication for petit theft, the prosecutor could then present to the trial judge a record of the prior convictions. See, e.g., Peek v. Wainwright, 393 So.2d 1175 (Fla. 3d DCA 1981). Peek discussed the earlier case of State v. Harris, 356 So.2d 315 (Fla.1978) which had held that felony petit theft was a substantive charge, but that in order to preserve a defendant's due process rights, the jury was not to be made aware of the defendant's prior convictions. Instead, upon the third or greater conviction for petit theft the trial court, in a separate proceeding, would determine the historical fact of prior convictions and questions of identity, following the procedure employed under section 775.084, Florida Statutes, where the burden of proving prior convictions is by a preponderance of evidence.[2]
*1191 In State v. Rodriguez, 575 So.2d 1262 (Fla.1991), the issue before the supreme court was whether a charging document must specifically allege three or more prior convictions for driving under the influence (DUI) when charging a defendant with felony DUI to confer jurisdiction in the circuit court and to comply with due process of law. Analogizing to State v. Harris, supra, where the court construed the felony petit theft statute, the court held that the combined existence of three or more DUI convictions was an element of the substantive offense of felony DUI which must be noticed and proved beyond a reasonable doubt. Employing the reasoning of Harris, the court held that the state must allege the specific prior DUI convictions in the charging document, but that the trial court must withhold from the jury any allegations or facts concerning the prior DUI offenses in order to protect the defendant's presumption of innocence. Instead, after a conviction for the charged DUI offense, the trial court would conduct a separate proceeding in open court without a jury, where defendant would have full rights of confrontation, cross-examination and representation by counsel and where the state would be required to prove the existence of three or more prior DUI convictions no longer by a preponderance of the evidence, but beyond a reasonable doubt.
There is no doubt that the holding of Rodriguez applies equally well to a conviction for felony petit theft. The Rodriguez court adopted the requirement of Harris that the prior offenses necessary to elevate the current offense to a felony must be specifically alleged in the charging document. It also approved the procedure outlined in Harris that after conviction a separate proceeding be held before the court where the state must prove the prior convictions, but made clear that the burden of proof was beyond a reasonable doubt.[3] We now hold that in seeking a conviction for felony petit theft, the state must specifically allege in the charging document the two or more prior petit theft convictions, the existence of which are not to be disclosed to the jury during the initial trial, and after conviction prove their existence beyond a reasonable doubt in a bifurcated proceeding before the same jury, unless a jury has been waived by the defendant. See State v. Harbaugh, 754 So.2d 691 (Fla. 2000) (where defendant charged with felony DUI requests a jury trial, the jury, unless waived by defendant, must also decide the issue regarding the three prior convictions).[4]
*1192 Here, although the state charged the defendant with grand theft, and noted in the amended information that defendant had been previously convicted two or more times of petit theft, it failed to allege the convictions with the required specificity. Because the state did not properly charge or prove the prior convictions, the conviction for felony petit theft is reversed with direction to sentence defendant for petit theft as in the verdict of the jury.
Appellant's final point is that there was insufficient evidence to sustain his conviction for possession of drug paraphernalia. The arresting officer testified that he found a piece of copper screen/mesh wrapped in plastic that contained a residue which tested positive for cocaine in a field test, and that based on his professional training and experience it was a device typically used as a filter on a crack pipe. Appellant cites to L.R. v. State, 557 So.2d 121 (Fla. 3d DCA 1990) as authority for the proposition that a positive field test of a substance suspected to be cocaine is insufficient evidence to sustain a conviction for possession of cocaine. Appellant was not charged with possession of cocaine, but of paraphernalia and the evidence here was sufficient to sustain that conviction.
AFFIRMED in part; REVERSED in part.
THOMPSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] § 812.014(3)(c), Fla. Stat. "A person who commits petit theft and who has previously been convicted two or more times of any theft commits a felony of the third degree, punishable as provided in § 775.082 or § 775.083."
[2] Section 775.084, Florida Statutes, defines "habitual felony offenders" and prescribes a procedure for enhanced sentencing, in pertinent part:

775.084 Habitual felony offenders and habitual violent felony offenders; extended terms; definitions; procedure; penalties.
* * *
(3) In a separate proceeding, the court shall determine if the defendant is a habitual felony offender or a habitual violent felony offender. The procedure shall be as follows:
(a) The court shall obtain and consider a presentence investigation prior to the imposition of a sentence as a habitual felony offender or a habitual violent felony offender.
(b) Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
(c) Except as provided in paragraph (a), all evidence presented shall be presented in open court with full rights of confrontation, cross-examination, and representation by counsel.
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
[3] In State v. Harris, although distinguishing the felony theft statute from the habitual offender statute (§ 775.084), nevertheless the Harris court approved the procedure specified in § 775.084 in proving prior petit theft convictions, requiring proof only by a preponderance of evidence.
[4] As in Harbaugh, when the defendant requests a jury trial, following conviction for petit theft, the same jury, unless waived by defendant, must decide the issue regarding the two or more prior theft convictions.