843 So.2d 340 (2003)
David L. ARNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-4498.
District Court of Appeal of Florida, First District.
April 23, 2003.
*341 Nancy A. Daniels, Public Defender; Anthony Cammarata, P. Douglas Brinkmeyer, Kathleen Stover, and Paula S. Saunders, Assistant Public Defenders, Tallahassee, for Appellant.
Charlie Crist, Attorney General, Robert R. Wheeler, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, J.
Appellant, David L. Arnett, appeals his conviction for felony driving while his license was revoked pursuant to section 322.264, Florida Statutes (habitual traffic offender), in violation of section 322.34(5), Florida Statutes (2000). He contends that the trial court erred by admitting into evidence an order of license revocation issued by the Department of Highway Safety and Motor Vehicles, because the state failed to establish the necessary predicate for admission of the document as a business record. We agree and reverse and remand for new trial.
The business records hearsay exception, section 90.803(6)(a), Florida Statutes (2001), provides that the following are not inadmissible as evidence:
A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of *342 the custodian or other qualified witness, unless the sources of information or other circumstances show lack of trustworthiness.
In order to be admissible under section 90.803(6)(a), the business record must be shown to have been: (1) made at or near the time of the event recorded, (2) by or from information transmitted by a person with knowledge, (3) kept in the course of a regularly conducted business activity, and (4) the regular practice of that business to make such a record. Quinn v. State, 662 So.2d 947, 953 (Fla. 5th DCA 1995). Stated another way, business records are admissible if the records custodian or other qualified witness testifies as to manner of preparation, reliability and trustworthiness of the record. Cofield v. State, 474 So.2d 849, 851 (Fla. 1st DCA 1985).
The state offered the testimony of Liz Sharpton to establish the necessary predicate for admission of the order of revocation. Her skeletal testimony, consisting merely of a statement that she had been employed by the Department of Highway Safety and Motor Vehicles for 31 years, that she was familiar with the Department's recording system, and that the order was sent to appellant as required by an unspecified statute, fails to establish any of the four predicate elements for admission.
Because the order was the only evidence to establish two of the elements necessary to prove appellant's conviction, i.e., that his license was revoked and that the revocation was based on the habitual-traffic-offender statute, the error cannot be considered harmless. We therefore reverse and remand for new trial.
As a second issue, appellant challenged the repeated reference to him as a habitual offender during trial. Because the habitual-offender designation appears to be an essential element of the crime under section 322.34(5), we affirm as to that issue without further comment.
AFFIRMED in part, REVERSED in part, and REMANDED for new trial.
BROWNING, J., CONCURS with opinion; BOOTH, J., DISSENTS with opinion.
BROWNING, J., concurs.
I concur as to both issues, and I write only to explain my concerns about the second issue.
In trials involving an offense that is predicated on the defendant's criminal status, the nature and number of the previous offenses should not be disclosed to the jury, absent extraordinary circumstances. See Brown v. State, 719 So.2d 882 (Fla. 1998). Here the jury was informed that Appellant is a habitual traffic offender because that status is an element of the crime, and it seems to me this disclosure violates Brown. Unfortunately, I think, this issue has been recently resolved by this court contrary to my conviction, and I am oath-bound to follow that decision from which I dissented. See Johnson v. State, 842 So.2d 228 (Fla. 1st DCA 2003). Moreover, Appellant did not properly join his objection with an offer to stipulate in a manner that would establish his criminal status, as required by Brown. Thus, I concur on the second issue.
BOOTH, J., Dissents.
I would affirm the trial court's decision to admit the order of license revocation issued by the Department of Highway Safety and Motor Vehicles. In determining whether the hearsay exception of section 90.803(6)(a) applies, the trial court must make a preliminary factual determination of the admissibility of evidence pursuant *343 to section 90.105(1). Here, the trial court, in its discretion, determined that the State laid a proper predicate for admissibility of the order. See LEA Indus., Inc. v. Raelyn Int'l Inc., 363 So.2d 49 (Fla. 3d DCA 1978) ("[I]t lies within the trial court's discretion to determine whether admission of such business records is justified."). Ms. Sharpton testified that she was familiar with the Department's recording system, and she knew the order was mailed to Appellant's last known address. She need not have personal knowledge of the matter recorded. See Stern v. Gad, 575 So.2d 258, 260 (Fla. 3d DCA 1991)(holding that a ledger sheet on gem transactions was admissible even though prepared by a person lacking personal knowledge of the matters recorded in the ledger sheet); see also Federated Dep't Stores, Inc. v. Antigo Indus., Inc., 297 So.2d 591, 592 (Fla. 3d DCA 1974)("[P]laintiff's president testified that the subject statement was one of several monthly statements which were sent to the defendant during the period of their business transactions," thus the statement was not devoid of any business regularity).
Once the trial court determines that evidence may be admitted, the burden then shifts to the opponent to prove the evidence is untrustworthy. See Love v. Garcia, 634 So.2d 158, 160 (Fla.1994); C. Ehrhardt, Florida Evidence § 803.6 (2001 ed.). Appellant failed to demonstrate why the order may not be credible or accurate. Accordingly, the trial court properly allowed the order to be admitted as evidence. I would affirm.