921 So.2d 871 (2006)
Franklin SYDER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4703.
District Court of Appeal of Florida, Fourth District.
March 8, 2006.
*872 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Franklin Syder, was charged with two counts of possession of a firearm by a convicted felon for being in possession of the same gun on two separate occasions eighteen days apart. The jury convicted Syder of both counts. The trial court adjudicated Syder guilty of both counts and sentenced him to two concurrent terms of forty-six months in prison with a three-year mandatory minimum on the first count.
Syder appeals from these convictions and sentences raising four points, two of which we affirm without discussion. Syder argues that the trial court should have granted his motion to bifurcate the trial by first having the jury only consider evidence as to whether he possessed the firearm and, if they found Syder guilty of that element, then present the evidence of Syder's status as a convicted felon. Syder relies on State v. Harbaugh, 754 So.2d 691 (Fla.2000), and Smith v. State, 771 So.2d 1189 (Fla. 5th DCA 2000), in which prosecutions for felony DUI and felony petit theft were bifurcated. The decisions in those cases permit bifurcation because in each bifurcated proceeding the state must first prove a statutory offense, either DUI or petit theft, and a jury must make a finding of guilt before the separate proceeding to prove the existence of the prior convictions. This prevents the jury from knowing of the defendant's prior criminal activity and the destruction of the presumption of innocence.
In the case of the charge of possession of a firearm by a convicted felon, possession of a firearm by itself is not a criminal offense. The status of convicted felon is a necessary element of the offense charged. Florida courts have not addressed this issue. The federal Ninth Circuit Court of Appeals did so in United States v. Barker, 1 F.3d 957 (9th Cir.1993), amended by 20 F.3d 365 (1994), and refused to bifurcate proof of the elements of this charge. The court held:
Any other holding would lead to an impermissible result if a jury did not return a guilty verdict on the possession portion of the crime. The government would be precluded from proving an essential element of the charged offense, and the district court would breach its duty to instruct the jury on all the essential elements of the crime charged. [FN 3] Additionally, the district court's bifurcation order might unfairly confuse *873 the jury, prompting it to exercise its power of nullification on the unwarranted belief that the defendant was charged for noncriminal conduct. . . . The bifurcation order removes an element of the crime from the jury's consideration, prevents the government from having its case decided by the jury, and changes the very nature of the charged crime. FN3. Barker misunderstands the fundamental nature of "prejudicial evidence." Evidence is prejudicial only when it has an additional adverse effect on a defendant beyond tending to prove the fact or issue that justified its admission. A prior conviction is not prejudicial when it is an element of the charged crime. Proof of the felony conviction is essential to the proof of the offensebe it proof through stipulation or contested evidence. The underlying facts of the prior conviction are completely irrelevant under § 922(g)(1); the existence of the conviction itself is not.
Barker, 1 F.3d at 959. We agree and find Syder's argument without merit.
In addition, Syder argues that his double jeopardy rights have been violated by his convictions and sentences for possession of the same firearm by a convicted felon on two different dates. The federal courts have addressed this issue.
In United States v. Jones, 533 F.2d 1387 (6th Cir.1976), in considering the same issue, the court determined that the nature of "possession" was a "course of conduct, not an act." Id. at 1391. It further stated that "acts constituting a course of conduct are not punishable separately if the Legislature intends to punish the course of conduct." Id. (citing Crepps v. Durden, 98 Eng.Rep. 1283, 1287, 2 Cowper 640, 643 (K.B.1777)). However, if possession was interrupted, Jones suggests that a new possession might be separately charged. Id. at 1391; see also United States v. Horodner, 993 F.2d 191, 193 (9th Cir. 1993). "Where there is no proof that possession of the same weapon is interrupted, the Government may not arbitrarily carve a possession into separate offenses." United States v. Rivera, 77 F.3d 1348, 1351 (11th Cir.1996). To do so "would result in a multiplicitous indictment, creating the risk of multiple convictions and punishments for a single offense in violation of the Double Jeopardy Clause." Id. at 1352.
We agree with this analysis. Although there is no prohibition against charging Syder with two separate counts of possession of the same firearm, only one conviction can stand. We, therefore, vacate Syder's conviction and sentence on count II.
Affirmed in Part, Vacated in Part.
WARNER and KLEIN, JJ., concur.