944 So.2d 1120 (2006)
Tomas Tolosa ARINO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-451.
District Court of Appeal of Florida, Fifth District.
December 1, 2006.
Rehearing Denied January 4, 2007.
*1121 James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Appellant was convicted of driving while his license was revoked as an habitual traffic offender, in violation of section 322.34(5), Florida Statutes (2003). Appellant contends the trial court erred by denying his motion to bifurcate. We disagree and affirm appellant's conviction.
Prior to the commencement of his jury trial, appellant requested that the trial court divide his trial into two proceedings. The purpose of the first proceeding, as requested by appellant, would be to determine whether appellant was driving upon Florida's highways while his license was suspended. If found guilty in the first proceeding, the second proceeding would be utilized to determine whether appellant had been designated an habitual traffic offender pursuant to section 322.264, Florida Statutes (2003). Appellant strenuously argued that a failure to bifurcate would be unduly prejudicial because the jury would be informed of his prior criminal activity  thereby destroying his presumption of innocence.
Appellant's proposed bifurcation would have been improper. Driving while license suspended, as prohibited by section 322.34(2) is not a lesser included offense of driving while license revoked as an habitual traffic offender. State v. Harvey, 693 So.2d 1009 (Fla. 4th DCA 1997). A bifurcated proceeding would have wrongly forced the state to try to prove a crime which it had not charged nor which was a lesser included offense of the crime charged.
Additionally, bifurcation would have provided little benefit for appellant. The state would still have been permitted to introduce a certified copy of appellant's driving record. § 322.201, Fla. Stat. (2003). See also Arthur v. State, 818 So.2d 589 (Fla. 5th DCA 2002), rev. denied, 839 So.2d 697 (Fla.2003).
The Department of Motor Vehicles' designation of appellant as an habitual traffic offender was an essential element of the crime charged. Therefore, it was appropriate for the state to present evidence on this element. Arnett v. State, 843 So.2d 340 (Fla. 1st DCA 2003). See also Syder v. State, 921 So.2d 871 (Fla. 4th DCA 2006) (bifurcation improper where defendant was charged with possession of a firearm by a convicted felon).
AFFIRMED.
ORFINGER and LAWSON, JJ., concur.