BENTON, J.
 

 On direct appeal, Bontarius Milton asks us to overturn his conviction for possessing a firearm unlawfully, as a convicted felon. He argues the trial court erred when it denied his motion to keep from the jury the fact he had previously been convicted of a felony. We perceive no error in denial of the motion, and affirm the conviction.
 

 Before his trial for unlawful possession of a firearm by a person previously convicted of a felony, in violation of section 790.23(l)(a), Florida Statutes (2007), his counsel filed a motion in limine and offer of stipulation.
 
 [1]
 
 Through counsel, he requested that the trial court require the jury to determine only whether or not he possessed a firearm on October 18, 2007, the date possession was alleged. The state objected, however, and the trial court denied the motion in limine.
 

 At trial, the jury was told, “without further elaboration,” that he had been convicted of a felony.
 
 Brown v. State,
 
 719 So.2d 882, 889 (Fla.1998) (adopting rationale of
 
 Old Chief v. United States,
 
 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)). We reject the argument that even the unadorned fact that he had a prior felony conviction should have been kept from the jury because — he maintains — let
 
 *1145
 
 ting the jury know served no purpose except to suggest a general propensity to commit crimes, concededly an impermissible purpose under section 90.404(2)(a), Florida Statutes (2007). In order to prove that he violated section 790.23(l)(a), Florida Statutes (2007), the state had the burden to prove a prior felony conviction. We conclude the trial court did not err in informing the jury of the stipulated fact of Mr. Milton’s status as a convicted felon.
 

 Honoring the defense’s request that the jury not be informed of an element of the charged offense would have resulted in the jury’s being instructed on, and rendering a verdict as to, a nonexistent crime.
 
 See Syder v. State,
 
 921 So.2d 871, 872 (Fla. 4th DCA 2006) (holding that in “the case of the charge of possession of a firearm by a convicted felon” the “status of convicted felon is a necessary element of the offense charged”);
 
 United States v. Barker,
 
 1 F.3d 957, 959 (9th Cir.1993),
 
 amended by
 
 20 F.3d 365 (1994) (rejecting contention that an element of the crime should be removed from the jury’s consideration, because it would prevent the government from having its case decided by the jury and change the nature of the crime charged);
 
 Johnson v. State,
 
 842 So.2d 228, 230 (Fla. 1st DCA 2003) (rejecting argument that the trial court erred in informing the jury that the defendant, charged with failure to register as a sexual offender, was a sexual offender, not merely a “felony offender[],” because “the trial court is not precluded from giving a jury instruction that properly sets forth the elements of the crime,” and the “sanitized” version of jury instructions requested was “not a correct instruction of the legal elements”). At least in the absence of the parties’ agreement to the contrary, the “jury must ... be informed of ... each element, of the charged crime.
 
 See United States v. Gilliam,
 
 994 F.2d 97, 101 (2d Cir.),
 
 cert. denied,
 
 [510] U.S. [927], 114 S.Ct. 335, 126 L.Ed.2d 280 (1993).”
 
 United States v. Fennell,
 
 53 F.3d 1296, 1302 (D.C.Cir.1995),
 
 rev’d in part on other grounds,
 
 77 F.3d 510 (D.C.Cir.1996).
 

 As appellant’s counsel concedes, most of the courts considering the question have held the prosecution entitled to prove a defendant’s status as a convicted felon in a felon-in-possession case, even when the element is undisputed, and have not sanctioned bifurcation of the trial.
 
 See Syder,
 
 921 So.2d at 872-73.
 
 Accord United States v. Milton,
 
 52 F.3d 78, 80-81 (4th Cir.1995);
 
 United States v. Jacobs,
 
 44 F.3d 1219, 1223 (3d Cir.1995);
 
 United States v. Barker,
 
 1 F.3d 957, 959 (9th Cir.1993);
 
 United States v. Gilliam,
 
 994 F.2d 97, 101-02 (2d Cir.1993);
 
 United States v. Birdsong,
 
 982 F.2d 481, 482 (11th Cir.1993);
 
 United States v. Collamore,
 
 868 F.2d 24, 27-28 (1st Cir.1989),
 
 overruled on other grounds, United States v. Tavares,
 
 21 F.3d 1 (1st Cir.1994);
 
 United States v. Brinklow,
 
 560 F.2d 1003, 1006 (10th Cir.1977).
 
 See also Arino v. State,
 
 944 So.2d 1120, 1121 (Fla. 5th DCA 2006) (rejecting argument that trial court erred in refusing to bifurcate proceedings for defendant charged with driving as an habitual traffic offender while license revoked because a “bifurcated proceeding would have wrongly forced the state to try to prove a crime which it had not charged nor which was a lesser included offense of the crime charged,” and holding that, because defendant’s status as an habitual traffic offender was an essential element of the crime charged, “it was appropriate for the state to present evidence on this element” (citations omitted)).
 
 But see Minnesota v. Davidson,
 
 351 N.W.2d 8, 12 (Minn.1984) (holding that because “the potential of the evidence for unfair prejudice clearly outweighed the relevance, if any, that the evidence had to other issues,” the trial court should have granted the defendant’s
 
 *1146
 
 motion and should have “instructed the jury to the effect that defendant had stipulated that under Minnesota law he was not entitled to possess a pistol and that therefore the jury should direct its attention to the issue of whether or not the state had established beyond a reasonable doubt that he possessed the pistol, either actually or constructively”);
 
 People v. Hall,
 
 28 Cal.3d 143, 167 Cal.Rptr. 844, 616 P.2d 826, 833 (1980) (holding that in a prosecution for possession of a concealable firearm by a convicted felon, “the element of a prior conviction of a felony may not be given to a jury if the accused stipulates to it”),
 
 superseded by
 
 Cal. Const., Art. I, § 28(f),
 
 as recognized in People v. Karis,
 
 46 Cal.3d 612, 250 Cal.Rptr. 659, 758 P.2d 1189, 1204 n. 18 (1988).
 

 In any event, the defense did not request bifurcated proceedings below. Because he did not request bifurcation or otherwise preserve the point, Mr. Milton’s reliance on decisions such as
 
 State v. Harbaugh,
 
 754 So.2d 691 (Fla.2000) (felony driving under the influence),
 
 State v. Rodriguez,
 
 575 So.2d 1262 (Fla.1991) (felony driving under the influence), and
 
 Smith v. State,
 
 771 So.2d 1189 (Fla. 5th DCA 2000) (felony petit theft), which contemplate a bifurcated procedure in cases regarding proof of prior convictions as an element of a later crime,
 
 [2]
 
 is not warranted.
 
 See also Syder,
 
 921 So.2d at 872 (rejecting entitlement to bifurcation in a felon-in-possession case and distinguishing
 
 Harbaugh
 
 and
 
 Smith
 
 on grounds that
 
 Harbaugh
 
 and
 
 Smith
 
 “permit bifurcation because in each bifurcated proceeding the state must first prove a statutory offense, either DUI or petit theft, and a jury must make a finding of guilt before the separate proceeding to prove the existence of the prior convictions .... In the case of the charge of possession of a firearm by a convicted felon, possession of a firearm by itself is not a criminal offense. The status of convicted felon is a necessary element of the offense charged.”);
 
 Alaska v. McLaughlin,
 
 860 P.2d 1270, 1278 n. 15 (Alaska Ct.App.1993) (holding evidence of defendant’s pri- or conviction admissible in prosecution for possession of a firearm by a previously convicted felon, but only in cases “in which the charged offense consists of conduct that is ordinarily lawful, [and] is rendered unlawful only because of the defendant’s prior conviction of a felony,” as opposed to cases in which a prior conviction “only ... enhance[s] the seriousness of the offense” that is “already independently unlawful”).
 

 Finally, Mr. Milton’s suggestion, for the first time on appeal, that the trial court could have informed the jury simply that he was forbidden “by law” from carrying a firearm, and thereby have eliminated the danger that the jury might acquit because it believed he was being charged with non-criminal conduct, comes too late.
 
 See generally McLaughlin,
 
 860 P.2d at 1275 (“As a purely practical matter, we think it highly questionable whether any useful purpose can be served by precluding proof of a prior conviction and instructing the jury that the defendant was prohibited by law, for some reason that cannot be disclosed, from possessing a firearm. For many jurore — those with a modicum of awareness — such an instruc
 
 *1147
 
 tion would simply be tantamount to being told that the defendant has previously been convicted of a felony.” (footnote omitted)). He did not request such an instruction below, just as he did not request bifurcation.
 

 Affirmed.
 

 HAWKES, C.J., and HANKINSON, JAMES C., Associate Judge, concur.
 

 [1]
 

 . The motion contained his offer to stipulate that he had previously been convicted of a felony, but requested that the jury not be informed that he was a convicted felon (or that he had been charged as a convicted felon), and that the state be precluded from introducing evidence of any prior conviction.
 

 [2]
 

 . In
 
 State v. Harbaugh,
 
 754 So.2d 691, 694, the Court said: “It follows then that felony DUI trials must be conducted before the jury in two stages because the concern remains about tainting the consideration of the current misdemeanor DUI with evidence concerning the past DUI.”
 
 See also id.
 
 at n. 5 ("We recognize that Florida Rule of Criminal Procedure 3.430 provides that ‘after the jurors have retired to consider their verdict the court shall not recall the jurors to hear additional evidence.’ This rule does not apply to this bifurcated process, which contemplates two separate verdicts by the same jury.”).